## In re BRYANT.

### (District Court, E. D. Tennessee, S. D. June 12, 1900.)

BANKRUPTCY — OBJECTIONS TO DISCHARGE — FRAUDULENT CONCEALMENT OF PROPERTY.

Objections to the discharge of a bankrupt, on the grounds that he had knowingly and fraudulently concealed property from his trustee, and had made a false oath in relation to the bankruptcy proceedings, were based on the facts that he omitted from the schedules, to which he made oath, a watch and chain, a desk, and an interest in the business of a partnership. The evidence showed that the watch and chain, which were of small value, were omitted by advice of his attorney, and they were worn by the bankrupt during all the proceedings, with no attempt at concealment; that the desk the bankrupt had verbally given to another some years before the bankruptcy proceedings, and it was in the possession of the donee; that the interest in the firm was purchased by the father of the bankrupt's wife with his own money, and given to her, although the bankrupt had exercised some control over the business. *Held*, that such evidence was insufficient to sustain the burden which rested upon the objecting creditor to prove by a fair preponderance of the evidence the acts of fraud and bad faith charged, in order to debar the bankrupt, under Bankr. Act 1898, § 14b, from the right to a discharge.

In Bankruptcy. On exceptions to report of a referee recommending the granting of a discharge to the bankrupt.

Report of D. L. Grayson, Referee:

In the Matter of the Specifications of Objection to Discharge Filed by Bank of Charleston.

To the Hon. C. D. Clark: The undersigned, to whom was referred the specifications of objection to the discharge of the said bankrupt, W. M. Bryant, and the evidence upon which the same are based, for a report thereon as to whether or not the discharge should be granted, in accordance with the rule of this court promulgated in such cases, herewith submits the following (said objections being five in number, being considered in the order in which filed):

(1) Concealment of Property. Section 14b, par. 1, of the bankruptcy act, makes the commission of an offense which is punishable by imprisonment under the statute a ground of objection to discharge. These offenses are defined in section 29, and the first ground of objection to this discharge is predicated upon the language of section 29b, par. 1, which makes it an offense to knowingly and fraudulently conceal, while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy. As a basis for this objection it is alleged that Bryant knowingly and fraudulently concealed, while a bankrupt, a gold watch, of the value of $15; a gold watch chain, of the value of $3; a desk, of the value of $15; and an interest in the partnership firm of Hall Bros., of the value of $500. On the 2d day of May last the referee filed an opinion in this case upon a motion made by the same creditor opposing the granting of the discharge herein, for an order requiring the bankrupt to schedule this property as a part of his assets, and to deliver possession thereof to his trustee. This motion, except as to watch and chain, was declined, for the reasons set out in said opinion, and an appeal prayed and granted to your honor for a review of said order of the referee. This first specification of objection, while it necessarily involves the same subject-matter as the order made by the referee and appealed from, presents it, however, in a different form (i. e. as a statutory ground of objection to discharge), and in

the identical words of the statute constituting the offense of fraudulent concealment of assets, thereby involving a construction and interpretation of said statute (section 29b) with respect to its application to and bearing upon the present case. For this reason the special master has overruled the objection made by said Bank of Charleston to his jurisdiction to act upon the specifications of objection herein filed in any aspect, to which it excepts. The master deems it unnecessary to review in detail the facts upon which this objection is based, since they are referred to at some length in the opinion heretofore filed, and it would subserve no useful purpose to repeat them here. It is sufficient to say that, to make a person guilty of the offense defined in this section and paragraph, this alleged concealment must have been both knowingly and fraudulently, and not knowingly or fraudulently. It is further held by the authorities that the concealment must have been willful and intentional, as well as knowing and fraudulent. In re Crenshaw (D. C.) 95 Fed. 632; In re Wetmore (D. C.) 99 Fed. 703. In the present case I am of opinion that the facts do not justify the conclusion that the alleged concealment was either fraudulent or willful, assuming it to have been knowingly made. The watch and chain in question, which have been together valued by the appraisers at $7.50, were worn by the bankrupt openly upon his person at all of the various examinations and hearings had by the referee in his case, and the attention of counsel for objecting bank was first drawn to the existence of said watch and chain, according to his own admission, by noticing the bankrupt take the same from his pocket to see the time. This, in addition to the evidence of the bankrupt cited in said report filed May 2d, to the effect that when preparing his schedules he mentioned his possession of said watch and chain to his attorney, and asked him what about it, and his lawyer informed him he need not schedule it, for the reasons stated, satisfies me that the element of fraudulent intent is lacking in this instance. With respect to the desk, I think the same is true. The bankrupt testified that he acquired this desk in 1896, and told one Emmet Hall he might have it, and that it has since remained in Hall's store. In explanation of his failure to schedule it, he states that he no longer regarded it as his property, after making this statement to Hall. This transaction of gift, having occurred prior to the passage of the bankruptcy act, cannot be made the basis for the charge of fraudulent concealment, even though, being made without consideration, it would be voidable as to creditors, and might be recovered by the trustee. See In re Crenshaw (D. C.) 95 Fed. 632; In re Webb (D. C.) 2 Nat. Bankr. N. 289, 98 Fed. 404; In re De Leeuw (D. C.) 2 Nat. Bankr. N. 267, 98 Fed. 408. With respect to the alleged interest in the firm of Hall Bros., I have already set forth the facts as I see them, in the opinion heretofore referred to, and do not care to incumber the record by useless repetition of them here. There is no question but what this interest is the property of one of three persons, viz. Culton, Bryant (the bankrupt), or Mrs. Bryant (Culton's daughter). Counsel for objecting creditor examined both Culton and Mrs. Bryant, and made both their witnesses. The former expressly states that he gave to and intended the interest acquired in the firm of Hall & Culton to go to his daughter, Mrs. Bryant. The latter is not interrogated at all upon this matter. It was Culton's property, purchased with his money; and his right to dispose thereof as he saw proper cannot be denied, and is in fact conceded. But it is contended by the counsel for the Bank of Charleston that Bryant has in legal effect reduced this property (assuming it to have belonged to his wife originally) to his own use and possession, in such sense as to make it an asset of his estate. Whatever might be said of the old hard rule of the common law, that recognized the right of the husband to appropriate to his exclusive use the separate property and earnings of the wife, it is sufficient to remark that this rule has, since the decision of the supreme court of Tennessee in the case of Carpenter v. Franklin, 89 Tenn. 142, 18 S. W. 484, been materially modified, and it is there held that "the creditor has no right, save through the husband," and cannot coerce the labor of the wife if the husband see fit to emancipate her earnings. If this be true with respect to the wife's earnings, there can be no distinction in principle between such a case and property acquired by the wife by direct gift from a party other than the husband. If the husband can make a separate estate in the wife by direct gift of personalty to her, as held in this

case, a fortiori her father can do so; and the gift in this case is of this kind, and I do not think the evidence justifies the assumption that Bryant has converted this property from an asset of his wife's to a title in himself. If Bryant can be said to hold the legal title to this interest, in any aspect of the case, a court of equity would charge him as trustee for the use and benefit of his wife, as the real and equitable owner, and the naked legal title in him would in no sense become an asset of his under the provisions of the present act. Counsel for objecting creditor seems to proceed upon the theory that all property which may be subjected by law to the payment of the creditor's demand against the bankrupt is necessarily an asset of the estate, and must be so regarded. This is not the law, nor is the liability or nonliability of any special property to subjection by legal process the touchstone for determining whether or not it is an asset in the bankrupt sense. If A. make a deed to B. of certain real estate, and B. fails to put it of record, it is liable to suit of A.'s creditors to the payment of his debts; but, if A. thereafter goes into bankruptcy, it does not follow that this realty is an asset applicable to the payment of debts. The question is purely one of title, and the trustee in bankruptcy acquires only such title as the bankrupt had as of the date of the adjudication (section 70a), except in the excepted cases therein mentioned. Bryant at no time acquired title to this interest originally owned by Culton, except it be through the alleged doctrine of reduction to possession. He paid no consideration for it, and Culton denies that the gift was made to him; and, for the reasons stated, I see nothing fraudulent in the failure to schedule this interest as his property. The argument as to the alleged reduction to possession, growing out of the management of the business by Bryant, and its legal effect, is fully met and answered by the decision in the case of In re Freund (D. C.) 2 Nat. Bankr. N. 236, 98 Fed. 81. In that case the evidence declared that the bankrupt operated the business under power of attorney from the wife, and treated it in all respects as his own; but the court held that this was not inconsistent with the theory of ownership in the wife, especially as it was not shown that the bankrupt had contributed any capital to the business.

(2) Made a False Oath in Relation to His Proceeding in Bankruptcy. This ground of objection is based upon exactly the same state of facts as the first; i. e. the failure to set out the watch and chain, desk, and firm interest in his schedule, and swearing to same as being full and complete. In the case of In re Crenshaw (D. C.) 95 Fed. 632, it is held that where the bankrupt more than four months before the commencement of proceedings transferred a stock of goods to his wife, and his schedule in bankruptcy stated he had no assets of any kind, yet, in the absence of evidence of intentional wrong on his part, his oath to the schedule was not such a false oath as would forfeit his right to discharge, notwithstanding the fact that such transfer was voidable as to creditors, since it was valid as to him. This case fully meets the case made at bar, with respect to the transfer of the desk to Hall. Again, it has been held that the mere fact that a bankrupt has not listed certain property in his schedule is no ground for refusing to discharge. It must further appear that the omission was of such a character as to make the oath a false oath, or of such character as to amount to a knowing and fraudulent concealment of property from his trustee. In re Hirsch (D. C.) 96 Fed. 468. And the discharge cannot be refused on the ground that the bankrupt has made a false oath in relation to certain property unless it is proven that his contention that some one else was the owner of the property in question is untrue. In re De Leeuw (D. C.) 2 Nat. Bankr. N. 267, 98 Fed. 408. In the Hirsch Case, supra, the bankrupt had failed to list certain corporate stock standing in his name. It appeared that this stock was hypothecated for full value, and the court held that the omission to schedule it, not with any fraudulent intention, but under the honest belief that, being so pledged, it was no longer his, or was not worth including, was no reason for refusing a discharge. In the case of In re Webb (D. C.) 2 Nat. Bankr. N. 289, 98 Fed. 404, it was held that where the bankrupt, two years before filing his petition, transferred certain property to a creditor, to whom it had been pledged as security for a debt of equal amount, his omission of such property from his schedule of assets did not make his verification thereof a false oath in a proceeding in "bankruptcy, such as to forfeit his right to discharge." It will be seen from the cases cited that the

omission of the property in question in this case, when taken in conjunction with the facts and evidence explanatory thereof, and the swearing to the schedules with such property not included, is, under the circumstances, no ground for withholding a discharge. The falsity of the oath, to make the party liable to this objection, must not only be technical, but with a fraudulent motive; and, as heretofore found, this element of fraudulent intent does not exist in the case at bar.

(3) Concealment of True Financial Condition. Neither of the charges contained in the above three specifications of objection are couched in the language of the statute (section 14b, subd. 2) upon which they are, and expressly purport to be, based, or in words of similar import. The fraudulent intent to conceal his true financial condition must be predicated upon a destruction, concealment, or failure to keep books of account or records from which his true condition might be ascertained. The charges contained in specifications 3, 4, and 5 make no mention of books of account, and are therefore legally insufficient upon their face as valid prima facie objections to the discharge of the bankrupt in this case; and the issues of fact raised by them have been heretofore passed upon, in the opinion filed by the referee May 2, 1900. It is therefore recommended that the petitioner bankrupt be discharged.

John C. Ramsey, for Bank of Charleston.
Arthur Traynor, for Wm. Bryant.

CLARK, District Judge. In this case, after due consideration of the case as it comes up on exceptions to the report of the special master, as well as the like consideration of the entire record of the case, I conclude that the exceptions to the discharge are not sustained by the evidence, as these objections proceed upon the ground of fraudulent concealment or fraudulently withholding parts of the bankrupt's property from his schedule, and making a false affidavit thereto. The burden is upon the creditor objecting, to sustain the charges made in that respect. These charges are of a character and reflect upon the bankrupt so seriously that they ought to be sustained certainly by somewhat cogent evidence, although a fair preponderance of the evidence would be sufficient. I conclude that the evidence relied on to sustain the charges is not sufficient, and the objections to the discharge are overruled, the report of the special master confirmed, and the discharge of the bankrupt allowed.