## KERN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 18, 1909.)

No. 1,890.

1. APPEAL AND ERROR (§ 1032*)—EVIDENCE—EXCLUSION—HARMLESS ERROR.

Where original records and files in a case in the state court were excluded on objection that certified copies only and not the originals were admissible, and the contents of the records and files were not shown,

nor did it appear that they contained anything which would serve the purpose for which they were offered, and there was no statement to the court of any particular matter contained therein which would be relevant to the issue, harmful error did not appear.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4048; Dec. Dig. § 1032.*]

2. BANKRUPTCY (§ 485*)—CONCEALMENT OF ASSETS.

Where a bankrupt's schedule was indefinite and the bankrupt was by active endeavor keeping valuable assets in hiding, the fact that title to all of his property passed to the trustee by operation of law was no defense to a prosecution for concealing assets, since the schedules would point out to the trustee only such assets as the bankrupt actually discovered to him or as the trustee would be likely to discover.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 485.*]

3. BANKRUPTCY (§ 491*)—OFFENSES—FALSE SWEARING—CONCEALMENT.

The offenses of false swearing and concealment of assets by a bankrupt when once committed could not be retrieved by the bankrupt's atonement after extradition by disclosing to the trustee the assets concealed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 491.*]

4. CRIMINAL LAW (§ 655*)—REMARKS OF COURT.

In a prosecution of a bankrupt for false swearing and concealment of assets, a remark by the court, in explanation of a ruling denying an insistence by defendant's counsel that defendant's subsequent discovery to the trustee of concealed assets could be used to rebut the inference of a criminal intent or to obviate the consequence of the original false swearing and concealment, that "a man could not be allowed to file an amended schedule and escape the result of a criminal prosecution," was not error.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 655.*]

In Error to the District Court of the United States for the Eastern District of Tennessee.

James R. Penland, for the United States.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiff in error was convicted in the court below upon an indictment containing two counts charging him with having, after being adjudicated a bankrupt on the petition of his creditors, first, concealed while a bankrupt from the trustee property belonging to his estate, and, secondly, with having made a false oath or account in the proceedings in bankruptcy, in violation of the provisions of section 29 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]). The first count charged him with prejury in swearing to his schedule of assets, and the second, with concealing his assets from the trustee. He was found guilty of both offenses, and was sentenced to a punishment on each count for a term of imprisonment for one year and one day, the terms to run concurrently. There are several assignments of error. Those which seem to us to deserve special consideration are these:

It appears that not long before the petition in bankruptcy was filed the plaintiff in error had been made a defendant in a suit brought by a creditor for the benefit of his creditors in general in a chancery court of Tennessee; and in that proceeding a receiver had been appointed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant (who is plaintiff in error here) presumably filed a schedule of his assets in that proceeding. What was the enumeration or description of his assets therein contained does not appear from the record in this case. On the initiation of the bankruptcy proceedings and the choice of a trustee, the Tennessee chancery court made an order that the assets be turned over to the trustee. But before this, when the bankrupt made out his schedule of assets, he said in his statement of personal property, "all articles of personal property by me formerly owned went into the hands of Jno. W. Sneed, receiver in chancery court," and under the head of choses in action he said, "all accounts, choses in action, bills receivable, notes, etc., went into the hands of Jno. W. Sneed, receiver in chancery." The receiver of the state court testified that none of the property which the bankrupt was charged with concealing ever came to his possession or knowledge, and that he made diligent endeavor to find more than the items of assets that he succeeded in finding. Other evidence was introduced tending to show that the bankrupt took steps to conceal his assets and prevent them coming to the possession or knowledge of the trustee. One of the principal points made in behalf of the bankrupt on the trial, and here, is that by the general terms of his schedule all his assets had gone by operation of law into the hands of the receiver in the state court and so passed from his control; that the effect of this was to vest the legal possession in the receiver wherever they might be situated; and, further, that to know what property passed to the receiver it was necessary to know what the proceedings in the state court would show in regard to the property surrendered to the receiver. On the trial counsel for the defendant offered in evidence the original records and files in the case in the state court. On objection by the district attorney on the ground, among others, that the originals were not receivable but certified copies only, they were excluded. Assuming that the objection was untenable, counsel for the defendant did not take the necessary steps to save his point. The contents of the records and files are not shown, and it does not appear that they contained anything which would serve the purpose for which they were offered. There was no statement to the court of any particular matter contained therein which would be relevant to the issue. In these circumstances there is nothing to show that the defendant was harmed by the exclusion of the evidence. Assuming, also, that under the general description of his property in his schedule and by operation of law the title to all his property as well as the right of possession passed to the trustee, such facts would be of no avail if there was no enumeration or description, and the bankrupt was by active endeavor, as the evidence tended to prove, keeping valuable assets in hiding; that would be the concealment which the law makes criminal. Moreover, his schedule being indefinite, it would point to no more assets than in aid of it he should actually discover to the trustee, or, at least, to only so much as the trustee would be likely to discover. And, if he had formed the purpose to conceal the other assets from the trustee, his verification of the schedule was a falsehood. The very purpose of it was to show what his assets were and the whole of them. It was a question for the jury whether he meant to swear that all his assets

were those in sight. Soon after the commencement of the bankruptcy proceedings the bankrupt fled to Canada, picking up, as there was evidence tending to show, some of his undisclosed assets in other states on his way, and from Canada endeavored to gather in more. He was brought back by extradition, and, having seen the error of his ways, assisted to some extent the trustee in gathering the assets which he ought to have before disclosed. Probably this was the reason for a moderate punishment by the court. There was evidence tending to show that before he went to Canada he was in respect to some of his conduct acting under the advice of counsel, upon the character of which we need make no comment. But the court gave the defendant the benefit of this circumstance by charging the jury that he would not be responsible for acting on such advice. After he returned from Canada, the bankrupt by leave of the court filed an amended schedule of assets which included those he is charged with having concealed, and counsel argues that this related back to his original schedule, and operated as an atonement which, being made while the proceedings were yet in progress, redeemed his fault, so that in the end nothing was concealed from the trustee. But we are unable to agree that it would have such an effect. The offenses of false swearing and concealment when once committed could not be retrieved by right and lawful conduct and the doing of things "meet for repentance," however they might affect the judgment of the court in imposing sentence.

Complaint is made that the court, in discussing this subject, said in the presence of the jury that "a man could not be allowed to file an amended schedule and escape the result of a criminal prosecution." It is said that this would be liable to prejudice the jury; but it was a remark made in explanation of the ruling denying the insistence of counsel that such facts could be used to rebut an inference of criminal intent or to obviate the consequence of the original false swearing and concealment. We think it was a correct statement of the law, and the statement of it in answer to the contention of counsel is not a ground for criticism as being in excess of the right and privilege of the court.

There are no other questions which merit discussion. We perceive no error.

The judgment must be affirmed.