### In re LESSER.

### In re INTERNATIONAL TRUST CO.

(Circuit Court of Appeals, Second Circuit. June 6, 1916.)

No. 283.

BANKRUPTCY ⟨Key⟩408(1)—DISCHARGE—GROUNDS FOR REFUSAL—PERJURY IN OTHER PROCEEDINGS.

Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (Comp. St. 1913, § 9598), provides for the granting of discharges unless the bankrupt shall have committed an offense punishable by imprisonment, or shall have been guilty of certain other enumerated acts. Section 29a (section 9613) denounces the offense of conversion or misappropriation by a trustee of property belonging to a bankrupt estate, as well as the offense of making false oaths in bankruptcy proceedings. *Held*, that any perjury committed by a bankrupt in any bankruptcy proceeding, though it be not his own case, is ground for refusal of a discharge; the statute plainly indicating that it was not limited to the bankruptcy in which the discharge was sought. •

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 732; Dec. Dig. ⟨Key⟩408(1).]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Joseph S. Lesser. On petition to revise an order of the District Court (232 Fed. 368) sustaining an exception to specifications of objections to discharge by the International Trust Company. Order reversed, with directions.

"On petition by the International Trust Company, a creditor of the bankrupt, to revise an order of the District Court for the Southern District of New York which sustained an exception to the third specification of objection to granting a discharge. This specification alleged that the bankrupt had made false oaths in a proceeding in bankruptcy other than his own. The court held that the alleged false oath having been made in a different bankruptcy proceeding from the one at bar the objection was radically defective and no amendment could cure the defect. The exception was therefore sustained and leave to amend was refused."

Selden Bacon and Saul S. Myers, both of New York City, for petitioner.

Montague Lessler and Leonard J. Obermeier, both of New York City, for bankrupt.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The only question involved in this review is whether the false oath which bars the bankrupt's discharge must be made in the pending bankruptcy proceeding. The bankrupt contends for the affirmative and the petitioner for the negative of this proposition. The District Judge followed the decision in the Blalock Case (D. C.) 118 Fed. 679, in which it was held that the making of a false oath by a bankrupt in a proceeding in bankruptcy not against himself, but against a corporation of which he was an officer, was not a sufficient ground for refusing his discharge. The judge says in his opinion:

"I am satisfied that although it is a crime to make any false oath in any proceeding in bankruptcy, it is not a ground for refusing a discharge unless the oath be made in the bankruptcy proceedings of the bankrupt himself."

We are unable to agree with this ruling, principally for the reason that the statute contains no such limitation. Section 14b provides that:

"The judge * * * shall discharge the applicant unless he has committed an offense punishable by imprisonment as herein provided.".

"As herein provided," means as provided under the head of "Offenses" in Bankruptcy Act, § 29a. If a bankrupt applying for a discharge has committed an offense covered by section 29a, his discharge must be refused. It would be an absolute impossibility for him to commit some of these offenses in his own bankruptcy. One of the offenses punished by section 29a is the embezzlement by a trustee in bankruptcy of property belonging to the estate of the bankrupt. If the trustee is convicted of such embezzlement and subsequently becomes a bankrupt himself, he can, if the ruling of the District Judge is correct, obtain his discharge, notwithstanding his conviction under section 29a of an offense which section 14 declares is an absolute bar to a discharge. There is nothing in the act which confines the perjury which bars a discharge to that committed in the bankrupt's own proceeding. On the contrary, many of the offenses conviction of which bars a discharge cannot, as before stated, be committed in the bankruptcy proceedings of the applicant for a discharge. We cannot think that the lawmakers intended a result so illogical as to permit a trustee, who has embezzled the estate of the bankrupt placed in his care by the court, to file a petition of his own and procure a discharge, notwithstanding his crime, because it was committed in a bankruptcy proceeding other than his own. There is nothing compelling such a construction; on the contrary a harmonious and logical interpretation of the law forbids it. The construction urged by the bankrupt would eliminate entirely many of the offenses which the law says shall bar a discharge. He might be convicted in another bankruptcy proceeding of perjury, of presenting a false proof of claim, of receiving money from

a bankrupt after petition filed against him, of extorting money from a person for acting or forbearing to act in bankruptcy proceedings; and yet he would receive his discharge if these crimes were committed in other bankruptcy proceedings and many of them could be committed only in other proceedings. It seems to us that the construction contended for by the bankrupt will defeat the intention of the lawmakers and involve the interpretation of the sections in question in inextricable confusion. We think that the intention of the lawmakers was to refuse a discharge to a bankrupt who has taken a false oath in any bankrupt proceeding. If he can commit perjury once and succeed he will be quite likely to attempt it again. The contention that the perjury must be committed in his own bankruptcy is contrary to the letter of he law and if sustained may lead to deplorable results.

The order is reversed and the District Court is instructed to permit an amendment to the third specification.