## Ex parte CERTO.

### No. 20504.

### District Court, W. D. New York.

Oct. 26, 1934.

Joseph D'Amato, of Niagara Falls, N. Y., for bankrupt.

Brendel, Bagot & Luckner, of Buffalo, N. Y., for objecting creditor.

KNIGHT, District Judge.

A motion is made on behalf of a creditor of the bankrupt to confirm the report of the special master heretofore appointed herein recommending that the application for the discharge be denied. Such recommendation was based upon the finding of the special master that bankrupt had made false oath to his schedules by omitting to disclose the name of a certain creditor. Concurrent with the motion aforesaid, a motion on behalf of the bankrupt is made to amend the petition in bankruptcy to include the name of creditor found by the master to have been omitted from the original schedules. The master has found that the bankrupt knowingly and falsely omitted from the schedules a certain indebtedness and that the "Bankrupt made a false oath in his Schedules under section 29b (2) of the Bankruptcy Act [11 USCA § 52(b) (2)] and, therefore, committed an offense that bars his discharge under section 14b (1) of the Act [11 USCA § 32(b) (1)]." The evidence supports the findings of the referee, and the bankrupt is not entitled to a discharge [In re Lesser (C. C. A.) 234 F. 65, 36 A. B. R. 833; In re Jutkovitz (D. C.) 259 F. 915, 44 A. B. R. 231; In re Breiner (D. C.) 129 F. 155, 11 A. B. R. 684; In re Merritt (C. C. A.) 28 F. (2d) 679; In re Becker (D. C.) 106 F. 54; In re Shute (C. C. A.) 38 F.(2d) 769; In re Bryson (D. C.) 49 F.(2d) 408; In re Bryant (D. C.) 104 F. 789, 5 A. B. R. 115], except and unless he is entitled to amend his schedules now to include the name of the omitted creditor.

The petition in bankruptcy, as a basis for adjudication for a discharge of a bankrupt, was invalidated by the omission of a name of a creditor as found by the special master. It would seem a perversion of proper legal procedure that one could knowingly make a materially false statement going to the merits of his rights to relief under the bankruptcy law and then, after a finding by the court to that effect, come into court and simply file an amendment to correct such an omission.

There are many circumstances under which schedules may be amended in the discretion of the court, where objections to the discharge have been sustained. None so far as the court has been able to ascertain have gone to the extent urged by the bankrupt herein. As said in Remington on Bankruptcy, vol. 7, p. 527, § 3302: "Amendment of schedules after discovery of the omission is ineffectual to excuse the omission where the original omission was fraudulent." See, also, Remington on Bankruptcy, vol. 7, p. 499, § 3275; Kern v. United States (C. C. A.) 169 F. 617; In re Eaton (D. C.) 110 F. 731, 6 A. B. R. 531; In re Sussman (D. C.) 190 F. 111, 26 A. B. R. 18; In re Breiner (D. C.) 129 F. 155, 11 A. B. R. 684.

686

Other grounds for denial of the application for a discharge were urged before the master and not *sustained*. The court confirms the recommendations of the master in respect to these.

Motion to confirm the report of the special master is granted, and the motion to amend the schedules denied.