In re SIEBEN et ux.

SIEBEN et ux. v. ROSYATH et al.
No. 6187.

Circuit Court of Appeals, Seventh Circuit.
May 10, 1937.

Louis Steinberg, of Chicago, Ill., for appellants.

Sidney W. Mandel, Jules Dashow, Albert Langeluttig, and Norman R. Silverman, all of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellants, husband and wife, appeal from an order dismissing their petitions for composition or extension of their debts on the ground that they had been filed in bad faith and for the purpose of hindering and delaying their creditors.

The facts out of which the charge of bad faith arose grew out of an earlier proceeding wherein appellant Agatha Sieben alone sought relief under section 74 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 202). In October 1934, she filed a debtor petition which was duly approved as filed in good faith. In that proceeding she scheduled as her only asset a parcel of real estate valued in the second proceeding at $90,000 and encumbered by a mortgage of $65,000. Hearings were had on her application for confirmation of her extension proposal to which objections had been filed. At these hearings, her husband, appellant Philip Sieben, testified that he had conveyed the property to her by quit-claim deed six months prior to the filing of her petition under section 74; that she gave no consideration for the transfer, but that the property really belonged to her because she had built it with her own money. On the contrary, the wife testified that the property belonged to him before the conveyance, and that it was he who had earned the money with which it was built; that she had only about $100 when she was married.

In view of the conflicting testimony as to ownership of the property, and the fact that the husband also owned other property as to which he testified, the referee concluded that the purpose of the transfer, followed by the filing of the debtor petition by the wife alone, was to avoid subjecting other personal assets of the husband to the demands of creditors in a proceeding for the extension of the indebtedness on the real estate. Holding that it was not the intention of section 74 of the Bankruptcy Act to permit a debtor having assets, to transfer his property without consideration to his wife who had no assets, for the purpose of permitting her to file a petition

under the section, the referee suggested that the husband also file a petition under section 74, and that the two be consolidated. He was later informed by the debtor's attorney that the husband did not intend to file such a petition, and there followed a dismissal of the wife's petition on the ground that it was not filed in good faith.

In July, 1935, the wife filed a petition to vacate the order of dismissal, reciting that she had pleaded with her husband to file a petition with her, and that he was out of the city at that time, but she thought he would file the petition upon his return. No such petition was filed by June, 1936, when on motion of creditors the debtor's petition to vacate was dismissed. The creditors then went on with foreclosure proceedings, and after various hearings, were ready to submit a decree when both husband and wife filed their petitions under section 74 on November 2, 1936. During the course of those proceedings the husband testified that he owned the real estate involved in the earlier proceeding, and that he did not recall having testified in that proceeding that his wife had paid for the property and built it; that neither his wife nor her attorney had requested that he file a petition to be consolidated with hers, and that he had not been out of the city during July or August of the year 1935. He also testified with respect to certain stock which he owned in three corporations and which was scheduled at a total value of $19,600, that he had five months previously turned it over to a judgment creditor as security for a note upon which judgment had been rendered in 1932 for $10,966.83.

The referee recommended that the petitions of both appellants be dismissed with a finding that they were not filed in good faith, stating:

"The record indicates that the petition, filed on July 18, 1935, by the then attorneys of Agatha Sieben, misrepresented the facts as to the whereabouts of Philip H. Sieben as an excuse for keeping alive the petition of Agatha Sieben. No action was taken upon that petition until the creditors, on June 22, 1936, made a motion to deny the petition. In the meantime, it had served its purpose in delaying the foreclosure proceedings for more than ten months. Even then, Philip H. Sieben took no action looking to the filing of a petition in this Court until the foreclosure case had proceeded practically to a decree. The present petitions were then filed, but in the meantime, the debtor had transferred stock of the par value of $19,600.00, and which he testified was worth par value, as security for a note executed on February 3, 1932 and upon which a judgment was entered in December of 1932. The Court might be justified in reaching the conclusion that Philip H. Sieben, by this alleged transfer, was seeking to place these assets beyond the reach of his creditors, although he testified that since the petitions were filed, he has made arrangements to pay the judgment.

"I am unable to reach any conclusion other than that Philip H. Sieben has owned the real estate in question for many years; that he quit-claimed title thereto to his wife for the purpose of permitting her to file an extension proposal without being compelled to subject his other property to the proceeding; that he caused said former proceeding to be prolonged as much as possible for the sole purpose of delaying his creditors, and that the present petitions were filed for the further purpose of avoiding the entry of a decree in the foreclosure proceeding and further delaying the enforcement of the Trust Deed.

"I am of the opinion that the conduct of the debtors in both proceedings clearly shows an utter lack of good faith, either with their creditors or with the Court. I am further of the opinion that the Court would be warranted in reaching the conclusion that the debtors have deliberately attempted to mislead the Court as to the ownership of the real estate in question, solely for the purpose of delaying and hindering their creditors; and, further, I am of the opinion that the order in the former case is res adjudicata as to Agatha Sieben and that Philip H. Sieben, in addition to being guilty of bad faith, has been guilty of gross laches in attempting to invoke the jurisdiction of this Court."

Appellants earnestly contend that the determination of good faith depends upon the circumstances of each case, and that for the purpose of such determination the facts of these two proceedings may not be considered together, but only those of the second may be taken into account. They make no attempt to justify or explain the conduct of the husband but, referring to the report of the referee, a part of which is

set out above, they merely say, "Appellants' contention with respect to such finding by the Referee is that it is so much 'water over the dam.' The plain fact is that Philip H. Sieben *is* a party to the present cause and upon the Referee's hearing testified the real estate was *his*. In view of this it is respectfully urged that he should not be penalized or denied relief now because of what may have transpired in a former proceeding to which he was not a party." We cannot agree with this argument that the two causes must be dissociated and that it is error to consider the facts of the first to show the intention of the parties as to the second. There is no absolute right to relief under section 74, and the court must be satisfied that a petition thereunder is filed in good faith before it may approve it as properly filed. While such approval may not be arbitrarily withheld, we think the court was justified in considering such facts as were here presented in determining the integrity of the parties asking for the relief. Certainly it may expect those parties to display common honesty and sincerity of purpose, and is not compelled to close its eyes to the record of an earlier proceeding the failure of which necessitated what may well be considered as a second attempt to carry out the same scheme to hinder and delay creditors. It is to be noted, as stated by the referee, that in the interval between the dismissal of the first proceeding and the filing of the second, Philip Sieben had transferred the principal other property owned by him.

We find no case in point as to what is to be considered by the court in determining whether or not a petition is filed in good faith. We may, however, call attention to the fact that under section 29b (2) of the Bankruptcy Act, as amended, 11 U. S.C.A. § 52 (b) (2), perjury in relation to any proceeding in bankruptcy subjects the perjurer to criminal prosecution and bars his discharge in any subsequent proceeding of his own by virtue of section 14b (1), 11 U.S.C.A. § 32 (b) (1). See In re Lesser (C. C.A.) 234 F. 65. Hence, by analogy, we think the court is justified in considering the perjury here admitted, as a bar to the right of the husband to relief under section 74. There was no error in holding that the dismissal of the wife's prior petition was res adjudicata of her present rights on the question of good faith.

Decree affirmed.