## In re SCHER.
### No. 30610.

District Court, E. D. New York.
Nov. 10, 1937.

Mortimer Lancet, of New York City, for bankrupt.

Leo H. Rich, of Brooklyn, for creditors.

GALSTON, District Judge.

Cross motions are made in respect to the report of the referee recommending a denial of the discharge of the bankrupt.

The objections relate first to the willful omission of a creditor's name from the schedules, and secondly to an alleged false oath in failing to schedule assets.

It appears that the bankrupt's brother-in-law, in 1930, lent him several hundred dollars. The debt was not listed in the schedules by the bankrupt. The omission is sought to be justified both because the brother-in-law denies any intention of ever seeking payment and because the debt at the time of the filing of the petition was outlawed.

Had there been proof that the debt was outlawed, clearly the bankrupt would be excused from listing the debt. Obviously the statute does not require the inclusion in the schedules of moribund obligations. Only provable debts, i. e., those enforceable, need be listed. The matter was considered in Re Lipman (D.C.) 94 F. 353. In that case the bankrupt included in his schedule a claim which was barred by the statute of limitations at the time that the petition in bankruptcy was filed. On objection the claim was expunged. The conclusion is sound and would be followed here if the proof were sufficient to show that the money lent in 1930 was barred by the statute. But the proof is lacking. The record fails to disclose the date of the loan. It might very well have been within the six-year period. Likewise the record fails to show acknowledgment of the existence of the debt during the six-year period. The unsworn statement of counsel for the bankrupt, who happened also to be the creditor, that his claim was outlawed, is not evidence.

It is urged that the omission, however, was not willful. That would be true if the debt is barred. Likewise excuse might be found if the omission were due to mistake. But no such proof is disclosed in the record. I cannot agree that In re Lesser (C.C.A.) 234 F. 65, Ex parte Certo (D.C.) 8 F.Supp. 685, and In re Jutkovitz (D.C.) 259 F. 915, are cases exactly in point, except that they do show that a false oath does bar discharge. Here then the oath to the schedules was false and must be assumed to be willful in the state of the proof.

In the matter of scheduling of assets the referee found that the bankrupt had failed to list in his schedules various claims held by him as a physician for medical services rendered to his patients. The omission is sought to be excused because the bankrupt testified that he had some small bills outstanding which he would have settled for the sum of $50. The inescapable conclusion of the referee that these sums, however small, should have been listed, must be sustained.

Accordingly the report of the referee denying the discharge will be confirmed.