In re HOWELL.

(District Court, N. D. Illinois, N. D. May 18, 1900.)

No. 2,784.

BANKRUPTCY—APPLICATION FOR DISCHARGE—OBJECTIONS—FALSE SCHEDULES.

Where the specification of objections to the discharge of a bankrupt alleged that nine years before he made his wife a gift of $20,000 in fraud of creditors, and that his failure to schedule such amount as his property was making a false schedule, such objections will be overruled as insufficient in law, since on their face the objections showed property in the fund to be in the wife, and not in the bankrupt.

In Bankruptcy. On objections to discharge.

Swift, Campbell & Jones, for bankrupt.

Leonards & Austin, for objecting creditor.

KOHLSAAT, District Judge. This matter comes on to be heard upon the specifications of objection to the discharge of the bankrupt filed by John A. Ames, a creditor. The specifications were prepared in the nature of a petition, and the bankrupt filed an answer to the same, asking that the answer be treated as a demurrer. Treating the said petition as the technical specifications of objection to discharge, and said answer as a demurrer thereto, I am of the opinion that said specifications do not state a ground for withholding the discharge of the bankrupt. The allegation is that the bankrupt nine years ago made a gift to his wife of $20,000 in fraud of creditors. Petitioner several years ago filed a creditors' bill against said bankrupt and his wife, seeking to establish said contention, and to obtain the money so given to the wife, which suit is still pending. The sole legal ground of objection to discharge on this state of facts is that the bankrupt failed to schedule the property in question as his own. Under the allegations of the petition or specification, the property in question was that of the wife, as against the bankrupt. Therefore he made no false schedule by omitting this property. Possibly the trustee of the bankrupt may be able to recover this property for the benefit of creditors, and if the creditors desire to have a trustee appointed for this purpose, and desire to advance the costs necessary to continue said litigation, leave will be granted for such trustee to cause himself to be substituted in said suit. Creditors may, if they desire, take the proper steps before the referee to have a trustee appointed, but the specifications herein of the objections to the discharge of the bankrupt will be overruled on the ground that they are insufficient in law. The bankrupt is discharged.