In re BRICE.

(District Court, S. D. Iowa. June 19, 1900.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—KEEPING BOOKS OF ACCOUNT.
    To sustain specifications in opposition to a bankrupt's application for discharge, on the ground of his failure to keep proper books of account, it is not sufficient to show that the true state of his affairs could not be ascertained from the books as kept, but the evidence must fairly prove that his mode of keeping them was with a fraudulent intent to conceal his financial condition, and in contemplation of bankruptcy.

2. SAME—MUTILATION OF BOOKS.
    The fact that a bankrupt's ledger is presented in a mutilated condition, certain of its pages having been torn out, is not sufficient ground for re-

fusing his discharge, when the evidence does not prove that the mutilation was done by the bankrupt himself, or with his knowledge, and where there is testimony to show that the entries on the missing pages are to be found repeated in other parts of the ledger.

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

J. W. Willett and W. S. Kenworthy, for bankrupt.
Dudley & Coffin and H. H. Sheriff, for opposing creditors.

SHIRAS, District Judge. From a consideration of the evidence in this case, I have reached the conclusion that the referee ruled correctly in holding that Thomas Brice, the father of the bankrupt, had a provable claim against the estate, and in overruling the objections thereto. The evidence, considered as a whole, does not sustain the contentions of the opposing creditors that Thomas Brice was in fact the owner of the business conducted at Oskaloosa, or that he had not in fact loaned the money to the bankrupt evidenced by the notes executed by the latter, or that by any representations by him made he had estopped himself from proving up his claim as a creditor.

Upon the question of the right of the bankrupt to a discharge, the only matter of doubt is with respect to the objection that the bankrupt had failed to keep proper books of account, or records from which his true condition might be ascertained. The evidence shows that the books kept did not contain a list or statement of the debts due from the bankrupt, and it is therefore true that from the books the true financial condition of the bankrupt could not be ascertained, but it is not shown that this was done with any fraudulent intent to conceal his financial condition, and in contemplation of bankruptcy; and the same is true with respect to the charge that two pages of the ledger have been torn out, thus leaving this book in a mutilated condition. It is not proven that this act was done by the bankrupt himself, or with his knowledge, and it is not made clear that the destruction of these pages of the ledger prevents the true condition of the bankrupt from being ascertained, as the testimony of the bookkeeper tends to show that the items entered on the pages torn out appear in other parts of the ledger. The bankrupt in this case never had, in fact, the actual management of the business at Oskaloosa, it being in the hands of his brother-in-law, as manager for him, and the evidence wholly fails to show that the bankrupt has been personally guilty of any wrongful and fraudulent practices that should debar him from his discharge; and, therefore, to defeat the discharge on the ground that the books had not been properly kept, the evidence should be such as to fairly prove that the mode of keeping the books was with a fraudulent intent to conceal the bankrupt's condition, and in contemplation of bankruptcy, and this the evidence does not show in any satisfactory manner. The objections to the petition of discharge must therefore be overruled, and an order granting the discharge must be entered, as prayed for.