In re FERRIS.

(District Court, N. D. Iowa, E. D. December 11, 1900.)

BANKRUPTCY—DISCHARGE—EVIDENCE TO SUPPORT OBJECTIONS.

To sustain objections to the discharge of a bankrupt, based upon a transfer of property in payment of an indebtedness alleged to have been fictitious, which left the bankrupt with an equitable interest in the property or its proceeds, which he failed to schedule, the fictitious nature of the indebtedness must be affirmatively shown, and it is not sufficient that the bankrupt's examination tends indirectly to support the claim.

In Bankruptcy. On petition for discharge, and objections thereto.

Dunham, Norris & Stiles, for bankrupt.

Bronson & Carr, for creditors.

SHIRAS, District Judge. No other evidence has been submitted in support of the specifications filed in opposition to the petition for discharge than the examination of the bankrupt had at the first meeting of the creditors. The specifications in opposition to the petition are mainly based upon the giving by the bankrupt to his brother and sister of certain mortgages on his realty and personalty in June, 1898; it being claimed that the indebtedness secured by these mortgages was not in fact due or owing from the bankrupt. There is much in the evidence given by the bankrupt upon his examination which tends to support the contention of the opposing creditor. As I understand the facts, all the property owned by the bankrupt was absorbed in the payment of sums named in these mortgages, and in the prior mortgages resting on the land; and, therefore, to sustain the objections to the discharge, it must be made to appear that the bankrupt, when he filed his petition in bankruptcy, held some legal or equitable interest in the mortgaged property or its proceeds, which he should have scheduled as part of his estate. It is sought to do this by claiming that the amounts due to the sister and brother of the bankrupt, to whom the mortgages were given, were largely increased by allowing an unfounded claim of $1,400 for work done on the farm by the brother, and by allowing many years' back interest on notes held by the sister and brother, without making proper deduction for the board and lodging of the parties, who had lived with the bankrupt since 1891. As is said above, there is much in the testimony of the bankrupt that indirectly lends support to this position, yet it is not affirmatively proven that the debts due the brother and sister were unfounded. The testimony given by the bankrupt is in a very unsatisfactory condition, and it is impossible for the court to ascertain therefrom the exact position of the affairs of the bankrupt, or to find with any certainty that in truth when the proceedings in bankruptcy were filed the bankrupt retained any interest in the mortgaged property or its proceeds. The opposing creditor having failed, therefore, to sustain the specifications by sufficient evidence, the same must be overruled, and a discharge must be granted.