---

## In re CORN.

### (District Court, N. D. Georgia.   January 19, 1901.)

1. BANKRUPTCY—RIGHT TO DISCHARGE—FAILURE TO KEEP BOOKS OF ACCOUNT.
   The fact that a bankrupt kept no books of account will not warrant the court in refusing him a discharge, where the business in which he was engaged was such that ordinarily books of account would probably not be kept, and it is not shown that his failure to keep such books was "with fraudulent intent to conceal his true financial condition, in contemplation of bankruptcy."

2. SAME—FRAUDULENT CONCEALMENT OF PROPERTY.
   The burden rests upon an objecting creditor to show clearly a fraudulent concealment of property from his trustee by a bankrupt before he can be denied a discharge on that ground.

In Bankruptcy. On application for discharge, and objections thereto.

Smith, Hammond & Smith, for objectors.
C. D. Camp, for bankrupt.

NEWMAN, District Judge. This is an application for discharge of the above bankrupt, and opposition to his discharge on two grounds: First, that with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, he failed to keep books of account; and, second, that he knowingly and fraudulently omitted from his schedules and concealed from his trustee property which should have been scheduled and turned over to the trustee in bankruptcy.

I do not think the objection on the ground that the bankrupt failed to keep books of account is meritorious. The business in which the bankrupt was engaged for some time prior to the filing of his petition in bankruptcy was such that ordinarily books of account would probably not be kept. Besides this, it should appear, as it does not in this case, that his failure to keep books of account was "with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy." See In re Brice (D. C.) 102 Fed. 114; In re Spear (D. C.) 103 Fed. 779.

As to the contention that the bankrupt omitted from his schedules and knowingly and fraudulently concealed property from his trustee while a bankrupt, it is not at all clear that there was such omission and concealment. There was some contention as to a piece of real estate which the bankrupt owned at one time, and which was sold to his wife, and as to which she made a settlement with the original vendor to Corn. It is not at all clear that there was any fraud in regard to this transaction. On the contrary, the evidence, I think, satisfactorily explains the matter. The evidence submitted on this hearing of the objections to discharge to which I attached most importance was that in regard to several loans made by the bankrupt to different persons just before his petition in bankruptcy was filed. Some additional evidence has been submitted on this point which tends to clear up this matter. I do not think, on the whole, that the evidence is such as to show clearly a fraudulent concealment of property on the part of the bankrupt from his trustee. The evidence should show clearly that there was such fraudulent concealment of property, before a discharge will be denied on that ground.

In an opinion by Judge Coxe, of the Northern district of New York, in Re Fitchard (D. C.) 103 Fed. 742, it is said:

"In order to succeed, the opposing creditor must prove that the bankrupt, since the adjudication, has concealed property belonging to his estate from his trustee, and that the concealment was knowingly and fraudulently made. The burden is upon the creditor to establish these propositions by convincing proof,"—citing In re McGurn (D. C.) 2 Nat. Bankr. N. 877, 102 Fed. 743; In re Marsh, 2 Nat. Bankr. N. 649; In re Berner, Id. 268; In re May, Id. 93; In re Cornell (D. C.) 97 Fed. 29; Roberts v. Buckley, 145 N. Y. 215, 39 N. E. 966.

The clerk will be authorized to enter the discharge in this case.