## In re GAYLORD.

(District Court, N. D. New York. March 19, 1901.)

No. 2,224.

BANKRUPTCY—REFUSAL OF DISCHARGE—FALSE OATH.

A bankrupt will not be refused a discharge on the ground that he made a false oath in swearing that when he transferred property to his wife he did not know of an adverse decision rendered against him one or two days prior thereto, there being no other evidence than that he was a subscriber to a certain paper, in which was a full account of the decision, and that there was daily communication by mail between the place where he lived and that where the paper was published.

In Bankruptcy.

J. S. Frost, for bankrupt.
J. B. Grant, for opposing creditors.

COXE, District Judge. The discharge is opposed on the ground that the bankrupt made a false oath before the referee in swearing that at the time he transferred certain property to his wife, in November, 1895, he did not know of an adverse decision which had been rendered against him a day or two previous. To prove the falsity of this answer the creditors have shown that a full account of the decision in question was published in the Schoharie Republican, that the bankrupt was a subscriber therefor and that there was a daily communication by mail between Gilboa, where the bankrupt resided, and Schoharie, where the newspaper was published. There is, however, no positive proof that the paper was received and its contents made known to the bankrupt prior to the transfer. Assuming that the testimony taken before the referee can be considered in this proceeding and that the bankrupt's answer that he did not know of the decision was material to any issue in the bankruptcy proceedings, the court is not satisfied that the falsity of the answer has been established by that high character of proof which is required under the bankruptcy act. The authorities are unanimous that the burden is upon the creditors to establish the truth of their objections by clear and convincing evidence. In re Ferris, 3 Nat. Bankr. N. 281 (D. C.) 105 Fed. 356; In re Fitchard (D. C.) 103 Fed. 742; and cases cited. See, also, as bearing upon the questions involved, In re Howell (D. C.) 105 Fed. 594. If this were a civil suit to set aside the transfer it is quite possible that the presumption arising from the publication in the newspaper would be regarded as sufficient to establish notice to the bankrupt, but here we are dealing with a charge which is tantamount to a charge of perjury. Coll. Bankr. (3d Ed.) p. 167. It is clear that the falsity of the oath must be established, not by a mere preponderance of evidence, but by clear and positive proof. If the bankrupt did not receive the newspaper containing an account of the decision until after the transfer there is nothing to establish the falsity of his statement except inference and conjecture. The contention that he did receive the paper is based

wholly upon presumption, although it may be conceded that the presumption is a strong one. On the other hand, it is entirely possible that the newspaper may never have been mailed. If mailed the bankrupt may never have received it. If he received it it may have been after the transfer. In short, the testimony is too uncertain to sustain so serious a charge. The court has examined the other portions of the bankrupt's testimony of which it is sought to predicate a false oath, but is unable to find that any material false statement was made within the rule above stated. It follows that the discharge should be granted.