## In re KOLSTER.

### (District Court, D. Nevada. June 18, 1906.)

### No. 44.

1. BANKRUPTCY—GROUNDS FOR REFUSING DISCHARGE—CONCEALMENT OF ASSETS.

Where a bankrupt had voluntarily surrendered a lease giving him an option to purchase the leased property more than four months prior to the bankruptcy proceedings, he is not chargeable with concealing property from his trustee because of his failure to schedule such property, in the absence of proof that the surrender was not in good faith.

2. SAME—OBJECTIONS TO DISCHARGE—SUFFICIENCY OF PROOF.

The burden of proof rests upon a creditor objecting to the discharge of a bankrupt, and, while the acts charged may be established by inference from the facts proved, it is not sufficient that such facts justify a suspicion of fraud, but they must be inconsistent with honesty and good faith.

In Bankruptcy. On application for discharge and objections thereto.

G. W. Shutter-Cottrell, for the bankrupt.
John S. Orr, Dodge & Parker, and E. D. Knight, for the creditors.

HAWLEY, District Judge (orally). The objections filed by the creditors of the applicant are based upon the ground that he had knowingly and fraudulently concealed while a bankrupt from his trustee property of the value of at least $5,000, which property, it is alleged, consists of an equity of redemption to certain real estate in Reno, Washoe county, Nev. On October 14, 1899, one Westlake and his wife conveyed to Jacob Gooding the property in question for the sum of $2,500. This purchase was made at the request of Kolster, and for his benefit; Kolster raising $500 of the purchase money. Kolster did not have sufficient money, and Gooding advanced the balance, and took the deed in his own name, and then, on October 16, 1899, leased the property to Kolster for five years at a stipulated monthly rental, and in this lease covenanted and agreed that Kolster should have the right to purchase the property for $2,000 during the life of the lease. This lease and privilege to purchase expired October 16, 1904. According to the testimony of Kolster, about a week or two before the lease expired he informed Gooding that he could not raise the money to pay for the property, and by agreement between them the lease and privilege to purchase was given up. Kolster filed his petition in bankruptcy February 14, 1905. From the testimony produced at the trial, the transactions between Kolster and Gooding with reference to the property were closed more than four months prior to the time when the petition in bankruptcy was filed. The only other evidence introduced was that, after Kolster gave up his interest in the property, Gooding

leased the property to the minor children of Kolster at the same rent, and that Kolster received the first month's rent, and paid for repairs upon the property. Here the testimony ended, Kolster being the only witness examined. From this testimony, the transactions may have been bona fide, not fraudulent. There was no need of a suit to foreclose the right which Kolster had in the property. If he could not raise the money to pay it within the time specified in the lease, he had the right to surrender it, and, having surrendered it, Gooding had the right to lease it to anyone else; and the mere fact that he leased it to the minor children of the petitioner would not, of itself, be proof sufficient to authorize the court to declare the transaction fraudulent.

The basic foundation on which the specifications rest is missing. The evidence fails to show that there was any "equity of redemption" in Kolster at the time he filed his petition in bankruptcy, or at any time within four months prior thereto. In Re Cornell (D. C.) 97 Fed. 29, it was held that specifications in opposition to a bankrupt's application for discharge, on the ground of his having concealed property from his trustee in bankruptcy, must be supported by evidence showing the existence of property in the bankrupt, or in trust for his use, at the time of filing the petition in bankruptcy. There is no evidence in this case of any secret trust or agreement with Gooding, who held the legal title to the property at the time Kolster surrendered his interest therein, by which the property in question was to be held by Gooding for the benefit of the bankrupt; and, in the absence of such a trust or agreement, it cannot be held that the property, or any interest therein, belongs to the estate in bankruptcy.

If suit had been brought by the creditors against Gooding to enforce the equity of redemption claimed to exist in favor of Kolster, and no other testimony had been offered than is here presented, the proceedings would have failed for want of sufficient proof to show that the right of redemption still existed. A petition was filed by the creditors in this case March 5, 1906, praying for leave to have the trustee bring such a suit; but no further action was ever taken by the creditors. The failure to obtain sufficient evidence that the right of redemption continued may have been the cause.

The proceedings relative to the objections to Kolster's discharge have been twice continued, at the request of the creditors, and ample time has been given them to find such evidence, if any existed. They rest alone upon the testimony of Kolster, and claim that his testimony is sufficient to enable the court to infer that there must have been some understanding that the right of redemption should be kept alive. As was said by the court in Re Dauchy (D. C.) 122 Fed. 688, 695:

"This court fully recognizes the rule of evidence that in cases of this kind, as in others, the existence of the main fact to be proved may be established by inference from other facts proved, when such inference is legitimate. But when from such other facts proved two or more inferences may be drawn, and the facts point as clearly to the one result as to the other, the court cannot say a case is made out."

The most that can be said is that the circumstances proven "look suspicious." This is not enough. Mere conjecture or surmise is not sufficient. Something more is required in order to justify the court

in declaring that the transactions were fraudulent, and made and entered into and carried out for the purpose of enabling Kolster to conceal his property in order to defraud his creditors. It is manifest that this testimony does not march up to the full proof required by the act of bankruptcy to sustain the specifications of objections filed by the creditors.

In Re Ferris (D. C.) 105 Fed. 356, where similar objections were made, and the creditors relied solely upon the testimony of the bankrupt, which was suspicious and unsatisfactory, the court said:

"The testimony given by the bankrupt is in a very unsatisfactory condition, and it is impossible for the court to ascertain therefrom the exact position of the affairs of the bankrupt, or to find with any certainty that in truth when the proceedings in bankruptcy were filed the bankrupt retained any interest in the mortgaged property or its proceeds. The opposing creditor having failed, therefore, to sustain the specifications by sufficient evidence, the same must be overruled, and a discharge must be granted."

In Re McGurn (D. C.) 102 Fed. 743, 745, which bears a close resemblance in its facts to the present case, this court said:

"Specifications in opposition to a bankrupt's application for a discharge and the proofs in support thereof should be clear, positive, and direct. The opposing creditor or creditors must distinctly allege and prove one or more of the statutory grounds for refusing a discharge. * * * The burden of proof rests upon the opposing creditors to establish their charge against the petitioner by satisfactory and sufficient evidence. * * * No such evidence has been produced."

Numerous authorities were cited in support of the principles announced. The decisions since rendered declare the same rule. In re Logan (D. C.) 102 Fed. 876; In re Fitchard (D. C.) 103 Fed. 742, 744; In re Bryant (D. C.) 104 Fed. 789, 792; In re Corn (D. C.) 106 Fed. 143, 144; In re Chamberlain (D. C.) 125 Fed. 629; In re Hamilton (D. C.) 133 Fed. 823, 826.

The creditors having failed to sustain their objections, the bankrupt is entitled to his discharge.