### In re COHEN et al.

(District Court, W. D. New York. January 10, 1907.)

#### No. 2,537.

**1. BANKRUPTCY—DISCHARGE—EVASIVENESS—FALSE TESTIMONY.**

That the testimony of a bankrupt was probably subject to criticism for evasiveness, and may have been false in some particulars, was insufficient to justify the denial of a discharge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 732.]

**2. SAME—COMPOSITION—FALSE OATH—WILLFULLNESS.**

Where acceptance of a bankrupt's offer of composition was recommended by the trustees, the fact that the referee reported that the bankrupt had made a false oath in the proceeding in which he denied making a financial statement in August, 1906, was insufficient to justify the court in rejecting the compromise on the objection of an unsecured creditor, the proof being insufficient to show that the offense was committed "fraudulently" or "knowingly."

In Bankruptcy. On motion to confirm composition offered by bankrupts.

Eugene Warner, for trustees.

Henry H. Seymour, for objecting creditor.

HAZEL, District Judge. No question is raised in relation to the regularity of the offer of composition. The single point urged by an objecting unsecured creditor is that Cohen, one of the firm of bankrupts, at the examination before the referee, testified falsely and with fraudulent intent and accordingly, the offer of compromise should be rejected by the court. The trustees herein are in favor of the acceptance of the offer, and the referee in bankruptcy has reported to this court that although the bankrupt Cohen made a false oath in the proceeding, in that he denied making a statement of the financial condition of the bankrupt firm to the witness Bissell in the month of August, 1906; yet, upon the whole record, he is of opinion that the proofs are insufficient to warrant holding that the offense was committed fraudulently and knowingly. It is urged that the false oath relied upon was material; the effect of the testimony being that when the false statement was made the bankrupts were solvent, and, as they were adjudicated bankrupts several months afterward the inference is warranted, that they have concealed a portion of their property. The bankrupt, who is accused of making a false oath, after denying at

an earlier examination that he made a written statement to Mr. Bissell, testified that he had no recollection of so doing. According to the witness Bissell there was no formal statement made to him in August, 1906, by the bankrupt Cohen in relation to the financial condition of the firm. He says it was merely a memorandum, and that a formal statement in writing was made to him by the bankrupt Sinai, in July, 1905. The memorandum of August, 1906, upon which the false oath is predicated is not produced, and any details upon which the financial condition of the bankupts .at that time was based are not before me. The testimony of the bankrupt Cohen is probably subject to criticism for evasiveness, and it may have been false, but a discharge in bankruptcy cannot be denied on that ground. This application is governed by the same rule. The Circuit Court of Appeals in Re Gaylord, 112 Fed. 668, 50 C. C. A. 415, say:

"It is incumbent upon the opposing creditor to establish satisfactorily that the particular statements of which perjury is predicated were false. They cannot be found to be false upon mere conjecture."

And Judge Coxe held, in Re Gaylord (D. C.) 106 Fed. 833, that the burden is upon the creditors to prove the false oath by clear and positive proof.

I am not convinced that the proofs are sufficiently strong, to warrant the conclusion by this court that the false oath in question was corruptly made. Moreover, the opinion of the referee that upon the whole record the opposing creditor has not satisfactorily established the offense charged is entitled to weight.

The specifications are overruled, and the composition offered by the bankrupts is confirmed.