In re JAMES.

(District Court, E. D. North Carolina. January 29, 1910.)

BANKRUPTCY (§ 408*)—DISCHARGE—GROUNDS FOR REFUSAL—CONCEALMENT OF PROPERTY—"CONCEALED."

In Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, c. 1310), which makes it a ground for refusing a discharge that a bankrupt has "at any time subsequent to the first day of the four months immediately preceding the filing of the petition * * * concealed or permitted to be * * * concealed any of his property with intent to hinder, delay or defraud his creditors," the word "concealed" is sufficiently elastic in its meaning to include a continuous concealment; and a bankrupt who concealed property from his creditors while insolvent before the four-months period, and kept the same concealed until within the four months, and until it was discovered by another, is not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 408.*
For other definitions, see Words and Phrases, vol. 2, pp. 1377–1384.]

In the matter of John L. James, bankrupt. On application for discharge in bankruptcy. Application denied.

On November 4, 1907, petitioner executed to Robert James a deed of assignment, transferring to him all of his property for the purpose of paying his (petitioner's) debts. On October 25, 1907, without the knowledge of his assignee, and with intent to defraud his creditors, petitioner concealed, by hiding in the woods, a portion of his personal property—goods and merchandise. On January 5, 1908, the place of concealment of the property was discovered by another person and disclosed to the assignee, who took it into his possession, pursuant to and for the purposes set out in the deed of assignment. On February 28, 1908, the creditors of petitioner filed in the District Court of the United States a petition, and pursuant thereto on March 11, 1908, petitioner was adjudged an involuntary bankrupt. The proceeding in bankruptcy was conducted in accordance with the provisions of the act. On May 8, 1908, petitioner filed his application for a discharge from the debts provable against his estate on February 28, 1908. Certain of his creditors filed objection to this application, charging that he had, within four months prior to the filing of the petition, concealed his property with intent to defraud his creditors. The referee heard the evidence and reported the foregoing facts.

Stevens, Weeks, Beasley & Grady, for petitioner.
Rountree & Carr and Meares & Ruark, for creditors.

CONNOR, District Judge (after stating the facts as above). The objection urged by the creditors to petitioner's application for a discharge is based upon the language of subsection 4 of section 14b of the bankrupt act, which makes it the duty of the judge, upon the petition of the bankrupt made in accordance with the provisions of the act to grant the discharge "unless he has at any time subsequent to the four months immediately preceding the filing of the petition, transferred, removed, destroyed or concealed his property, with intent to hinder, delay or defraud his creditors." The sole question, therefore, presented by the record is whether, having concealed his property with the fraudulent intent on October 25, 1907, petitioner continued to conceal it until January 5, 1908, the date upon which it was disclosed to

and recovered by the assignee. It will be observed that the first date is four months and three days prior to February 28, 1908, upon which the petition was filed; the last date being less than two months prior thereto.

It is manifest that, if an article be concealed, put in a secret or hiding place, and so remains until it is discovered, it continues until such time in a state of concealment, or is during the entire period concealed. It is insisted by counsel for petitioner that, while this is true, the active agency of the person concealing the property is completed when it is concealed, or placed in concealment. Is the term "has concealed," as used in the statute, to be given this restricted meaning? Was it so used by the Legislature? The exact question has not, so far as an investigation has gone, been decided.

In Re Jacobs and Verstandig (D. C.) 147 Fed. 797, the proper interpretation of the word "concealed," as it is used in section 29b of the bankrupt act, was considered. That section provides that:

"A person shall be punished by imprisonment not to exceed two years, upon conviction of the offence of having knowingly and fraudulently concealed his property while a bankrupt, or after his discharge, from his trustee."

Judge Wolverton says:

"Subdivision 1, § 14 [may be] read in connection with section 29b of the bankruptcy act. The word 'concealed,' read in this connection, is sufficiently elastic in its signification to comprise a continuous concealment."

In that case it was held that where the bankrupt had, prior to his adjudication, concealed or disposed of his property, and subsequent thereto retained the proceeds from his trustee, he was guilty of a misdemeanor under section 29b, and barred of his discharge pursuant to section 14, which provided that he should not be entitled to it if he had committed an offense punishable by imprisonment by the bankrupt act.

In Re Quackenbush (D. C.) 102 Fed. 282, discussing the effect of a concealment under the provisions of section 29b, Judge Coxe says that the essence of the offense is in placing the property in such a situation that the trustee cannot reach it, with the intent on the part of the bankrupt, not only to keep it from the creditors but to enjoy it himself, "nor is it material that the concealment proves unsuccessful, or that the trustee may recover it for the benefit of the estate."

In United States v. Cohen et al. (C. C.) 142 Fed. 983, the defendant bankrupt, with the other defendants, was charged with a conspiracy to violate section 29b by concealing his property from his trustee. There was a demurrer to this indictment. Holt, District Judge, discussing the demurrer says:

"The date at which the crime is alleged to have been committed was before the bankruptcy proceedings were begun, and the substantial ground of the demurrer is that, as the bankrupt act does not make the act of a fraudulent concealment of property a crime if committed before the proceedings in bankruptcy are begun, a conspiracy to commit such an act entered into before the bankruptcy is not a crime. * * * Section 29b of the bankrupt act provides that it is a crime for a person to knowingly and fraudulently conceal, while a bankrupt, from his trustee, any of the property belonging to his estate in bankruptcy. This provision of the bankrupt act does not make an act of the bankrupt, before the bankruptcy, a crime; but if the bankrupt, before the bank-

ruptcy, has concealed his property, and after his trustee is appointed continues to conceal it from the trustee, he is criminally liable under this section, and if indicted for such crime evidence of his acts of concealment before the bankruptcy, as well as by those subsequent thereto, would undoubtedly be admissible as a part of the res gestæ."

While not strictly in point, these expressions clearly recognize that the word "concealed" has sufficient elasticity to comprise a "continuous concealment." Of course, as the act is quasi penal in respect to the consequences flowing from it, the words, if of doubtful import, should not be given a strained or unusual meaning; on the contrary, in ascertaining the legislative intent, the general scope and purpose of the entire statute should be kept in view, and, so far as a reasonable construction of its terms permit, effectuated. The well-settled and uniformly recognized purpose of the bankruptcy law is to secure to the creditors of an insolvent person, coming within the terms of the act, a full and honest disclosure and an equitable distribution of his property, and, this being accomplished, to give to the honest debtor a full discharge. This twofold purpose should be kept in view in construing and enforcing the provisions of the statute. It is not a matter of discretion with the judge to grant or refuse a discharge otherwise than as, under the terms of the statute, the bankrupt is entitled thereto.

It is clear that on October 25, 1907, the petitioner, being insolvent, and in view of committing an act of bankruptcy, fraudulently withdrew from the reach of his creditors a portion of his property, in a manner clearly within the prohibitive language of the law. It is equally clear that he continued to conceal, and thereby continuously withdrew from his creditors, the property until January 5, 1908, and then only disclosed its concealment because it was discovered by another person. He therefore "concealed" the property at all times up to the day of its discovery. It was by his act kept—continued— "concealed," thus coming within the language of the act in point of time, four months next preceding the date of the filing of the petition. It may be "hard lines" on the petitioner to strip him of his property and leave him bound for the amount remaining due to his creditors; but by his own conduct he has subjected himself to the penalty.

The application for a discharge is denied.