## In re GROTH.

### GROTH v. KRUEGER.

Circuit Court of Appeals, Seventh Circuit.
November 26, 1929.

No. 4159.

P. F. Leuch, of Milwaukee, Wis., for appellant.

A. J. Whitcomb, of Oconto, Wis., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. This appeal is from an order denying appellant, Gustave Groth, a discharge in bankruptcy.

Appellee, an objecting creditor, contends that appellant (a) concealed $3,000 of his assets with intent to hinder, delay, and defraud his creditors; (b) made false statements in writing respecting his financial condition; (c) failed to explain satisfactorily the disappearance of assets; (d) failed to keep books of accounts, or records, from which his financial condition and business transactions might be ascertained.

The pertinent provisions of the Bankruptcy Act read:

"(b) The judge shall hear the application for a discharge and * * * discharge the applicant, unless he has * * *

"(2) Destroyed, mutilated, falsified, concealed, or failed to keep books of account, or records, from which his financial condition and business transactions might be ascertained; unless the court deem such failure or acts to have been justified, under all the circumstances of the case; or

"(3) Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition; or

"(4) At any time subsequent to the first day of the twelve months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed or permitted to be removed, destroyed, or concealed any of his property, with intent to hinder, delay, or defraud his creditors; or * * *

"(7) Has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities:

"Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." 11 USCA § 32.

■ The test by which appellant's conduct is to be measured is set forth in Re Braus (C. C. A.) 248 F. 55, 58: "There has been a growing tendency in the direction of liberality in favor of a bankrupt's discharge, and it has come to be recognized that the provisions of the law relating to discharge are not to be construed against a bankrupt, and if his discharge is to be denied it must be because there has been strict proof of the existence of some one of the bars which the statute has set up against the discharge."

See, also, In re Reisler (C. C. A.) 278 F. 618.

■ Upon the oral argument, much stress was laid upon the fact that the acts complained of occurred more than a year prior to the date of bankruptcy proceedings. But if these acts had as their purpose the concealment of assets of the appellant Gustave Groth, which concealment continued during the period when these proceedings in bankruptcy were contemplated, the lapse of a year would not prevent such concealment from coming within the condemnation of the statute. In re James (D. C.) 175 F. 894, 896. There the court said: "It is clear that on October 25, 1907, the petitioner, being insolvent, and in view of committing an act of bankruptcy, fraudulently withdrew from the reach of his creditors a portion of his property, in a manner clearly within the prohibitive language of the law. It is equally clear that he continued to conceal, and thereby continuously withdrew from his creditors, the property until January 5, 1908, and then only disclosed its concealment because it was discovered by another person. He therefore 'concealed' the property at all times up to the day of its discovery. It was by his act kept—continued—'concealed,' thus coming within the language of the act in point of time, four months next preceding the date of the filing of the petition."

■ While not precluded, because of lapse of more than a year, therefore, from considering this question, our study of the evidence satisfies us that it fails to make out such a case of concealment with intent to defraud as to justify a refusal to grant the discharge. In re Kolster (D. C.) 146 F. 138; In re Hamilton et al. (D. C.) 133 F. 823; In re Ferris (D. C.) 105 F. 356.

1. Construing the evidence upon this phase of the case in the light most favorable to the appellee, we find that, more than a year before appellant filed his voluntary petition in bankruptcy, he sold his personal property and purchased an interest in a home in the city of Milwaukee, paying down $2,500. Into this home he moved with his family and occupied it as a homestead. Under the laws of Wisconsin a resident has a home-

stead exemption up to $5,000 in a homestead by him occupied. Obviously his creditors, then, had no interest in this homestead property. In the case of Vehon v. Ullman, 147 F. 694, 696, this court said: " 'The whole question' said the referee, 'turns on the matter of intent.' * * * While intent is a pertinent inquiry, intent is not the sole inquiry. The substance of the offense is the withholding of assets; so that the true inquiry is whether, with fraudulent intent, he withheld from his schedule property belonging to his creditors. Apart from the withholding of assets, the intent constitutes no cause for denying a discharge; and the lists omitted, constituting no part of the property coming to the creditors, as already stated, there was no withholding of assets, and no cause made out for a refusal of the discharge."

It is difficult to understand how appellant can be charged with a fraudulent intent to defraud his creditors out of the property in which they were in no way interested.

■ 2. Did appellant make false statements in writing respecting his financial condition? To prove this charge, appellee relies upon bankrupt's scheduling a note to one Wendling in the sum of $1,150 as an unsecured debt and also his failure to list the Milwaukee property among his assets. As neither of these acts were done "for the purpose of obtaining credit," they could not constitute a valid objection to a discharge. Bank of Monroe v. Gleeson (C. C. A.) 9 F.(2d) 520.

■ 3. Did appellant fail to explain satisfactorily any losses of assets or deficiency of assets? To sustain this contention, appellee relies upon certain discrepancies in the testimony of various witnesses as to the amount of some of the indebtedness and the dates upon which they were paid. No serious differences are disclosed. Appellant at one time stated that he used the proceeds of a sale to pay $3,000 of outstanding indebtedness and at another time that he borrowed $3,000 of his brother with which to discharge his indebtedness and then paid the $3,000 realized from the sale of his personal property to this brother. Bearing in mind that the burden of proof rests upon appellee, and that appellant testified largely from memory respecting numerous items of indebtedness which were discharged some years previously, we conclude that the bankrupt neither failed to make a good-faith attempt to comply with the law nor to explain his business transactions to the best of his ability.

The order refusing appellant a discharge is reversed, with direction to enter one granting appellant a discharge.