In re LIPPOW.

LIPPOW v. ED. SCHUSTER & CO. et al.

No. 6272.

Circuit Court of Appeals, Seventh Circuit.

Nov. 3, 1937.

620

David Beznor and Lee K. Beznor, both of Milwaukee, Wis., for appellant.

Jacob H. Beuscher and Beuscher & Beuscher, all of Milwaukee, Wis., for appellees.

Before SPARKS and MAJOR, Circuit Judges and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This appeal is from an order of the District Court dated April 3, 1937, sustaining specifications of objection and denying appellant's application for discharge. The specification here relied upon is that appellant concealed, or permitted to be concealed, his property with the intent to hinder, delay, and defraud his creditors, in violation of section 32, paragraph b, title 11 U.S.C.A.

Appellant's petition for adjudication was filed January 13, 1936, when it was shown he owed $512.37 for merchandise purchased by him and members of his family during the preceding months of November and December from five different Milwaukee stores. Among the items purchased were thirteen dresses, five hats, two suits and an overcoat, ten pairs of shoes and sixteen pairs of hose. Other minor items are included, consisting of wearing apparel and a few small household articles for appellant and his family, which consisted of a wife, two daughters, and appellant's mother-in-law.

In the appropriate part of the schedule filed by appellant is the following item: "Household goods and furniture, household stores, wearing apparel and ornaments of the person, viz.: Household goods, furniture and wearing apparel belonging to Petitioner (Claimed Exempt) Value.... $200.00."

It seems to be the contention of appellee, sustained by the lower court, that the failure of appellant to itemize the property claimed as exempt, and failure to schedule the property recently acquired by him and his family, above referred to, shows a concealment. We are unable to thus construe the law.

Title 11 U.S.C.A. § 110(a) provides: "The trustee * * * shall * * * be vested by operation of law with the title of the bankrupt * * * except in so far as it is to property which is exempt."

The act also allows bankrupts such exemptions as are prescribed by the state laws of his domicile at the time of the filing of his petition. The pertinent sections of the Wisconsin statute are:

Subsec. (5), section 272.18, Wisconsin Statutes, 1935: "All wearing apparel of the debtor and his family; all beds, bedsteads and bedding kept and used for the debtor and his family; all stoves and appendages put up or kept for the use of the debtor and his family; all cooking utensils and all other household furniture not herein enumerated, not exceeding two hundred dollars in value."

Section 272.18 (23): "No property exempted by the provisions of this section shall be exempt from execution or attachment brought by any person for the recovery of the whole or any part of the purchase money of the same property."

It will be noted that the only limitation as to value upon property exempted is that "all cooking utensils and all other household furniture not herein enumerated [shall not exceed] $200.00 in value." It is immaterial under this statute as to the amount or value of other classes of property therein designated. Inasmuch as the property claimed to have been omitted from debtor's schedule was all thus included, there was no requirement that he itemize or value the same. The court cannot assume from the mere failure to specifically mention such property that it was not included in the general description contained in appellant's schedule; nor does the Bankruptcy Act (11 U.S.C.A. § 1 et seq.) contain any such requirement. It is true the caption to the official form of schedule makes such suggestion, but this is merely directory, and not mandatory. This court in Re Freidrich et al., 100 F. 284, 285 on page 285, said: "The act thus clearly indicates that the severance in fact of exempt property from the general estate is to be made by the trustee, not by the debtor, and the value of that so severed is to be determined in the first instance by the trustee, not by the debtor. The bankrupt law allows to debtors the exemptions provided by the law, but the manner in which the exemptions are to be claimed, set apart, and awarded is regulated by the bankrupt act. The provision is wholesome, for much abuse of the beneficent law allowing exemptions might arise if with respect to a general stock of goods, the debtor should be permitted to place upon selected articles his own estimate of value. It is sufficient, we think, if the debtor manifest by his petition in bankruptcy his claim of exemptions which the law allows to him.

This is a sufficient negative of an intention to waive them."

It is said in Burke v. Guarantee Title & Trust Co. (C.C.A.) 134 F. 562, on page 564: "'Having given notice of his claim, it was not his duty, but that of the trustee (section 47a, subd. 11, 30 Stat. 557 (U.S.Comp. St.1901, p. 3439 [11 U.S.C.A. § 75(a) (11)]), to "set apart" the bankrupt's exemptions and report the items and estimated value thereof to the court.' And there is not a word in the statute to warrant the conjecture that Congress intended that the bankrupt himself should make an itemization and estimate which the trustee, in performing the function expressly assigned to him, might wholly disregard."

In Re Andrews & Simonds (D.C.) 193 F. 776, on page 779, the court said: "In other words, if the bankrupt has clearly indicated his intention not to waive his exemption and has also specified the particular class of property owned by him from which he claims his exemption, it then becomes the duty of the trustee to select and sever the exemption from the mass of property belonging to the estate of the character and in the class indicated. This view is supported by authority."

We think there is little significance to be attached to the fact that appellant valued property claimed as exempt at $200, and certainly the conclusion cannot be reached from this circumstance that the property alleged to be concealed was not included in his exemption claim. This is especially true in view of our conclusion that it was not incumbent upon appellant to either itemize or value such property.

It is insisted by appellee, however, that by reason of the provision of the Wisconsin statute, secondly above quoted, the property alleged to have been concealed was nonexempt, as the purchase price or a part of the same had not been paid. If this be a sound position as to a particular creditor to whom the act is applicable, it cannot apply to general creditors. Title and possession of the goods in question passed to appellant, and the mere fact that certain creditors claimed superior rights does not preclude debtor from claiming such property as exempt. Remington on Bankruptcy, volume 3 (3d Ed. 1923) page 149, lays down the rule as follows: "Nevertheless, the law is settled differently, and seems to be, in brief, that the sole question to be determined by the bankruptcy court is whether or not the property is exempt against creditors in general. If it be so exempt, then it is to be set apart, and further administration of it refused, notwithstanding that, as to some creditors, it might not be exempt."

The procedure to be followed by a creditor in protecting such rights as are provided by section 217.18 (23), supra, is not pertinent to the issues presented.

Even if it be conceded that the debtor intended to defraud his creditors, something more is required. As was said by this court in In re Groth (Groth v. Krueger), 36 F.(2d) 41, on page 43: "The substance of the offense is the withholding of assets; so that the true inquiry is whether, with fraudulent intent, he withheld from his schedule property belonging to his creditors. Apart from the withholding of assets, the intent constitutes no cause for denying a discharge; and the lists omitted, constituting no part of the property coming to the creditors, as already stated, there was no withholding of assets, and no cause made out for a refusal of the discharge."

The facts in this record, in our judgment, do not justify the conclusion that the bankrupt concealed, or permitted to be concealed, his property with the intent to hinder, delay, and defraud his creditors.

The order of the District Court is reversed, with directions to allow appellant's discharge.