**In re CHASE.**

**CHASE v. LOCAL LOAN CO. et al.**

**No. 8444.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 19, 1944.

Rehearing Denied March 17, 1944.

Charles C. Spencer, of Chicago, Ill., for appellant.

Joseph E. Newton, Henry E. Wilhelm, James V. Kenny, and J. E. Dwork, all of Chicago, Ill., for appellee.

Before EVANS and MINTON, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appellant was adjudged a bankrupt and thereafter sought a discharge of his debts, as provided for by the Bankruptcy Act, Title 11, U.S.C.A., § 32. His application was opposed by two of his creditors on the ground that he made a false oath in his schedules in that he stated he had made no transfer of property during the year immediately preceding the filing of his petition, and that he concealed and transferred $350 shortly before bankruptcy and omitted all reference to the same in his schedule, and he did this with intent to defraud his creditors. The controversy was heard by the referee, who found for the objecting creditors. A discharge was refused. On appeal to the District Court, the ruling of the referee was approved. Appellant comes here to reverse that ruling.

Bankrupt is a married man, with a family, living in Chicago. He is an elevator operator, who, on his limited salary, is seemingly unable to get out of the grip of his creditors, two of whom are short loan chattel mortgage companies. The total amount of his debts was $688. He inherited, along with his eleven brothers and sisters, an estate, which, though small in value, was not far short of his debts. This he transferred to one of his sisters a few days before filing his petition in bankruptcy and disbursed the money he received ($350) from its sale as follows: $90 was paid to the appellant's attorney who filed the petition for him. With the balance he bought a second-hand suit of clothes for $35 and gave the rest to his wife who bought clothing and food for the family. In his schedules, he failed to say anything about this inheritance or the distribution of the $350.

In the schedules filed by him, he stated that his total cash was $2. In answer to the 10th question of the schedules, he said that he had "transferred or otherwise disposed of no property" in the year immediately preceding the filing of his petition.

The inheritance itself was not exempt, being real estate in Wisconsin. The proceeds from the sale, when received in Chicago and converted into clothing, furniture and food, were exempt.

The referee thought debtor's false statement in his schedules and his concealment of the inheritance were made for the purpose of defrauding the creditors and justified him in refusing a discharge. The District Court approved the action of the referee.

We think the court in reaching its conclusion failed to follow the decisions of this and other courts which distinguish cases wherein the property concealed or conveyed is the exempt property of the bankrupt. In re Lippow, 7 Cir., 92 F.2d 619; In re Taub, 2 Cir., 98 F.2d 81; In re Groth, 7 Cir., 36 F.2d 41.

In the Lippow case [92 F.2d 620], this court said:

"It seems to be the contention of appellee, sustained by the lower court, that the failure of appellant to itemize the property claimed as exempt, and failure to schedule the property recently acquired by him and his family, above referred to, shows a concealment. We are unable to thus construe the law. * * * The act also allows bankrupts such exemptions as are prescribed by the state laws of his domicile at the time of the filing of his petition. * * * The court cannot assume from the mere failure to specifically mention such property that it was not included in the general description contained in appellant's schedule; * * *.

"Even if it be conceded that the debtor intended to defraud his creditors, something more is required. As was said by this court in In re Groth (Groth v. Krueger) [7 Cir.], 36 F.2d 41, on page 43: 'The substance of the offense is the withholding of assets; so that the true inquiry is whether, with fraudulent intent, he withheld from his schedule property belonging to his creditors. Apart from the withholding of assets, the intent constitutes no cause for denying a discharge; and the lists omitted, constituting no part of the property coming to the creditors, as already stated, there was no withholding of assets, and no cause made out for a refusal of the discharge.'

"The facts in this record, in our judgment, do not justify the conclusion that the bankrupt concealed, or permitted to be concealed, his property with the intent to hinder, delay, and defraud his creditors."

The bankrupt's failure to disclose the facts about the inheritance of property which became, and was, exempt at the time the petition in bankruptcy was by him filed, should not, and does not afford ground for denying him a discharge.

The order refusing a discharge is reversed with directions to enter one granting him a discharge of his debts.