In Re Frank John SMITH, Debtor.

OHIO CITIZENS TRUST COMPANY, Plaintiff,

v.

Frank John SMITH, Defendant.

Bankruptcy No. 80–0149.
Related Case: 80–00053.

United States Bankruptcy Court,
N. D. Ohio, W. D.

April 6, 1981.

Barry E. Savage, Savage & Lindsley Co., L. P. A., Toledo, Ohio, for plaintiff.

Walter J. Skotynsky, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court on a Complaint To Determine Dischargeability, with evidence and testimony presented, and briefs in lieu of argument.

### STATEMENT OF FACTS

The Court makes the following findings of fact:

1.) In 1978, Defendant Frank John Smith incorporated Erie Equipment Co., a Michigan corporation. The Defendant was the sole shareholder of all outstanding stock in this Corporation.

2.) On June 14, 1978, Defendant both individually and as President-Owner of Erie Equipment Company became a guarantor on a promissory note in the amount of Twenty-Four Thousand Seven Hundred Fifty-Six and 48/100 Dollars ($24,756.48). Repayment of the note was secured by a J.I. Case backhoe which is identified in Plaintiff's Complaint.

3.) A financing statement was recorded on June 19, 1978, in the Register of Deeds Office, Monroe County, Michigan.

4.) In August, 1978, the J.I. Case backhoe was sold at an auction in Trenton, Michigan without the knowledge of the security interest holder, Ohio Citizens.

5.) The Defendant received the sum of Twelve Thousand Five Hundred and no/100 Dollars ($12,500.00) for the sale of the backhoe.

6.) No proceeds of this sale were used to liquidate the debt to Plaintiff, Ohio Citizens.

7.) The sale of the backhoe occurred prior to one year before the filing of the Defendant's petition in bankruptcy on January 14, 1980.

### STATEMENT OF THE ISSUES

The issue before this Court is whether the evidence presented substantiates a finding of concealment of the Debtor's property with the intent to hinder, delay, or defraud his creditors thereby preventing his discharge under Section 727 of the Bankruptcy Code.

### DISCUSSION OF LAW

Section 727 of the Bankruptcy Code in pertinent part expresses the following:

> "(a) The court shall grant the debtor a discharge, unless—... (2) the debtor, with the intent to hinder, delay, or defraud a creditor ... has concealed ...
>
> (A) property of the debtor, within one year before the date of the filing of the petition...."

This language implies that three conditions must be met before the Court may deny a discharge:

(1) There must be a concealment of the property of the debtor;

(2) The concealment must be done with the intent to defraud a creditor of the debtor; and

(3) The act must be done within one year before the date of the filing of the petition in bankruptcy.

██ In considering these elements, this Court accentuates the tendency of the Bankruptcy Courts to liberally construe the evidence presented in favor of a Bankrupt's discharge. If a discharge is to be denied, "it must be because there has been strict proof of the evidence of some one of the bars which the statute has set up against

the discharge." *In re Groth*, 36 F.2d 41 (7th Cir. 1929); Bankruptcy Rule 407.

The time prescription set forth in Section 727 of the Bankruptcy Code is not rigid. Courts have denied discharges where there has been evidence of a concealment commencing outside the year framework but continuing into the year before filing. *In re Baxter*, 27 F.Supp. 54 (S.D.N.Y.1939); *In re Freudmann*, 362 F.Supp. 429 (S.D.N.Y. 1973).

Thus, the mere occurrence of the sale of the backhoe prior to one year before filing the petition of bankruptcy does not necessarily in itself bar a denial of discharge.

Concealment has generally been defined as the transfer of legal title to property to a third party with the retention of a secret interest by the Bankrupt. In effect, this would be creating a trust in the Bankrupt. However, if the transfer is absolute, even if it defrauds the creditors, the transfer cannot bar discharge. *In re Hammerstein*, 189 F. 37 (2d Cir. 1911); *In re Vecchione*, 407 F.Supp. 609 (E.D.N.Y.1976).

It should be noted that, following these decisions, this court is not holding that all debtors can transfer their property subject to security interests and forever shield themselves from their creditors. The court in *Thompson v. Eck*, 149 F.2d 631 (2d Cir. 1945), held that a bankrupt must retain some legal interest in property before he can be charged with its concealment and preclude his discharge. *See also Groth, supra.* The court in the case of *In re Vecchione, supra.*, clarified this position by indicating that even though the bankrupt had transferred legal title to his automobile, the fact that he continued to use and thus derive an equitable benefit from the property constituted continuing concealment. Therefore, in cases where the plaintiff can prove that the debtor retained control or an equitable interest in the property, the courts have appropriately denied discharge under the theory of continuing concealment.

In the immediate case, there is no evidence introduced by the Plaintiff that adequately sustains the requirement of concealment. In fact both Mr. Smith's deposition and trial testimony show he is unaware of the name of the purchaser of the backhoe or his address. Additionally, he does not know the location of the backhoe. Mr. Smith further stated that he has had no control over the backhoe since its sale in August of 1978. This evidence has not been contested by Ohio Citizens.

Notwithstanding the Defendant's explanation, this Court believes the facts elicited in this case give rise to a finding that the Defendant was acting to defraud Ohio Citizens. Although his actions were not such to warrant a denial of his discharge under Section 727 of the Bankruptcy Code, we must look to whether the evidence supports excepting from discharge his debt to Ohio Citizens pursuant to Section 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) states in pertinent part:

"(a) A discharge under section 727, 1141, 1328(b) of this title does not discharge an individual debtor from any debt—

... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ."

What we are concerned with here is whether the Defendant's actions in selling the backhoe constituted willful and malicious injury to the property of another entity, Ohio Citizens. The House of Representatives Report suggests, and the Senate Report confirms that willful and malicious injury includes willful and malicious conversion. House Report No. 95–595, 95th Cong., 1st Sess. (1977), Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978), U.S.Code Cong. & Admin.News, 5787. In essence, this is a carry-over provision from the Bankruptcy Act Section 17(a)(2) which excepts debts where the debtor acted willfully and maliciously to convert the property of another.

*Collier On Bankruptcy* discusses willful and malicious conversion in the following manner: a malicious injury is defined as a wrongful injury and without just cause or excuse, thus excluding the necessity of personal ill will. Willful is defined as inten-

tionally doing an act which necessarily produces harm. Collier further asserts that an injury is not limited to physical damage or destruction, but encompasses injury to intangible property and personal rights. "Thus, the conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception." *Collier On Bankruptcy*, Vol. 1A, § 17.17, at 1653, 14th Ed. (1979).

Even though the Defendant initially had possession of the collateral, the legal title remained in the secured party, Ohio Citizens. It is evident from the record that the Defendant intentionally sold the backhoe. The fact that he omitted to tell Ohio Citizens about the sale, while knowing that they held a security interest in it reveals he acted wrongfully. Mr. Smith indicated no just excuse for his actions. He stated at trial that he intended to pay Ohio Citizens back eventually, but that the amount he received for the backhoe was not enough to liquidate the debt. Instead he decided to pay off other creditors. In effect, the collateral was effectively placed beyond the reach of the Plaintiff. Ohio Citizens was accordingly injured when they were precluded from maintaining their rights in the collateral or its proceeds.

A similar fact pattern arose in the case of *First National Bank v. Duranti*, 1 B.R. 54 (Bkrtcy.W.D. Wis.1979). The court held that the action of the defendant in selling his mobile home (which was secured by a valid security interest) was a willful and malicious injury because of the debtor's failure to inform the creditor of the sale and his failure to reimburse the creditor from the proceeds. This Court believes that the decision to hold the debt nondischargeable in the *Duranti* case, *supra*, was correct.

At this point, the Court questions where the Bank was when the payments of the Debtor ceased. The first payment from the Defendant was due July 29, 1978, but was not tendered until August 7, 1978. In fact, that initial payment was the only payment made. The Defendant stated during the trial that he moved to Colorado in September or October of 1978. By that time, the Defendant's payments were in arrears for at least the month of August and possibly September. We are unaware of any attempts made by Ohio Citizens to protect their interest in the collateral at that time.

The court in *Bennett v. W. T. Grant Co.*, 481 F.2d 664 (4th Cir. 1973), stated that even though the debtor willfully and maliciously converted the store's property (under a conditional sale contract), the fact that the store may have acquired knowledge of the Debtor's conversion and then failed to take reasonable steps to protect its security, showed the indebtedness should be discharged.

However, it is questionable in the case at bar whether the Plaintiff was put on notice about the conversion solely by the lack of payments by the Debtor; Ohio Citizens indicated they did not have actual knowledge of the conversion until Mr. Savage discovered the Defendant in Colorado in March of 1979. Thus we cannot hold the same standard used in the *Bennett* case against Ohio Citizens nor can we reach the same conclusion. Nevertheless, as a secured party, they should have been more conscientious in protecting their interests.

Based upon the foregoing facts and conclusions of law, this Court finds that the Plaintiff has failed to prove the elements necessary for a denial of discharge under Section 727 of the Bankruptcy Code; however the Court does find grounds for excepting from discharge the debt owed by the Defendant to the Plaintiff pursuant to Section 523(a)(6) of the Bankruptcy Code. It is therefore

ORDERED, ADJUDGED AND DECREED that the obligation of the Defendant-Debtor to Ohio Citizens Trust Company is not a dischargeable debt in Bankruptcy pursuant to Section 523(a)(6) of the Bankruptcy code. The Complaint of the Plaintiff is hereby granted, and the debt of Ohio Citizens in the amount of Twenty Four Thousand Two Hundred Thirty-Seven and 72/100 Dollars ($24,237.72) is hereby found to be nondischargeable.