## In re GARRISON.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 53.

1. BANKRUPTCY—DISCHARGE—DESTRUCTION OF BOOKS—BURDEN OF PROOF.

Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684] provides that a bankrupt shall be discharged unless he has, with intent to conceal his financial condition, destroyed, concealed or failed to keep books of account or records from which such condition might be ascertained. *Held*, that, where a creditor seeks to prevent a discharge on such ground, the burden is on him, not only to show that the bankrupt failed to keep books of account, but that his omission was with intent to conceal his financial condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 720.]

2. SAME—EVIDENCE.

Where a bankrupt residing in New York was a member of a firm doing business in Port Huron, Michigan, the failure of such firm to keep proper books of account, and the bankrupt's failure, for a period of a year, during which the firm did business, to see that proper books were kept, did not preclude him from obtaining a discharge for failure to keep proper books, as provided by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684].

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order of the District Court for the Southern District of New York confirming the report of a referee in bankruptcy, sitting as special master, which recommended that the bankrupt's discharge be denied for the reason that the creditor who opposed his discharge had established the truth of the second specification filed by him, which is as follows: "Second, that (the bankrupt) as a partner and a member of the firm of T. W. Brown & Co., of Port Huron, Michigan, with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy failed to keep any books of account, records or papers from which his true financial condition or interest in said business might be ascertained." The petition in bankruptcy was filed and the petitioner was adjudged a bankrupt August 12, 1904. The order appealed from confirming the second specification, and refusing a discharge was entered December 1, 1905.

J. E. Melick, for appellant.
W. L. McCorkle, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, C. J. (after stating the facts). The section of the bankruptcy act under which the specification was filed is, as amended by the act of 1903, as follows:

"The judge shall hear the application for a discharge, and such proof and pleas as may be made in opposition thereto by parties in interest, * * * and discharge the applicant unless he has * * * with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of ac-

count or records from which such condition might be ascertained." Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684].

It will be observed that in order to establish the second specification it was necessary, under the amended law, to prove two propositions: First, that the bankrupt had failed to keep books of account, and, second, that his omission to do so was with intent to conceal his financial condition. Upon both of these propositions the burden was upon the opposing creditor to prove his allegations by convincing proof. In re Corn (D. C.) 106 Fed. 143; In re Gaylord (D. C.) Id. 833; In re McGurn (D. C.) 102 Fed. 743.

The finding against the bankrupt is based principally upon his answer that it was impossible to get at a correct statement of the condition of T. W. Brown & Co., for the reason that the books kept by Brown and his bookkeeper at Durand and Port Huron, Michigan, are so "unintelligent" that they do not give the necessary information regarding the status of the firm.

The brief of the opposing creditor contains many accusations of fraud and misconduct on the part of the bankrupt which cannot be considered here, for the reason that they were presented by twelve specifications, other than the second, which were all found in favor of the bankrupt, no appeal having been taken by the creditor.

We are now concerned with the single proposition, should the bankrupt, who resided and transacted business in the city of New York, be refused a discharge because the books of the firm of T. W. Brown & Co., of which the bankrupt was a partner, were improperly kept at Durand and Port Huron, Michigan, by Brown and his bookkeeper? The firm of T. W. Brown & Co. was formed in 1902 and continued about a year, the partners being Brown, Jean, and the bankrupt, who was to have one-third of the profits if the business succeeded; in fact it was conducted at a loss. The firm was transacting a small business in buying butter, eggs and poultry in Michigan and shipping them to Jean, Garrison & Co., in New York. When the firm was dissolved its liabilities were about $2,700, part of which was paid. The books were kept by Brown and by his bookkeeper at Port Huron. Three or four of the books were sent to the bankrupt and the ledger was produced in court. He never saw it until it was shipped to New York and had nothing to do with it or any of the books of Brown & Co. When asked why it was that he did not have some knowledge of the manner in which the books were kept the bankrupt answered:

"Simply because this concern was operating in Michigan a thousand miles away, and I trusted to the honesty of T. W. Brown to handle the books and the affairs of the company out there right and make us money out of it."

Granting that his conduct in not keeping a closer watch upon the business at Port Huron was careless and even reprehensible, we fail to see how it can be said that he failed to keep proper books showing the condition of a firm whose business was conducted by one of the partners in a distant state and whose books were never under his control during the short life of the partnership. It would seem a sufficient answer to the charge against him to show that he never saw the

books, did not keep them or direct their keeping and, having confidence in his partner, supposed that the business was being properly conducted.

But there is still greater difficulty in establishing the second ingredient of the charge, viz., the intent to conceal the bankrupt's financial condition. Conceding, for the moment, that he knew of the inadequate and improper bookkeeping at Port Huron it is not easy to perceive how the bankrupt's interests were in any manner subserved by such bookkeeping. The bankrupt would hardly connive at a system, or lack of system, which threw his affairs into inextricable confusion and concealed the true state of affairs not from his creditors but from himself. If any one were to be benefited by imperfect books it would be Brown and not the bankrupt.

Furthermore, the character of the business, the bankrupt's small interest, if, indeed, he had any individual interest therein, the short duration of the partnership, the difficulty of personal supervision of its affairs, the improbability that the bankrupt, residing in New York, would attempt to conceal the details of the comparatively insignificant branch of the business transacted in Michigan and the seeming lack of motive for the fraudulent conduct attributed to him, lead us to the conclusion that the charge against him has not been sustained.

The order is reversed, with costs, and the cause is remanded to the District Court with instructions to grant the discharge.