## In re HASKELL.

(District Court, S. D. New York. August 28, 1908.)

### No. 7,505.

BANKRUPTCY—DISCHARGE—FAILURE TO KEEP BOOKS.

A refusal of a discharge to a bankrupt on the ground that he failed to keep books is not warranted, unless there is evidence from which, at least, it can fairly be inferred that there was an actual intent to conceal his condition. Mere negligence in the keeping of books is not sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 752.]

In Bankruptcy. On application for discharge.

Arthur Falk, for bankrupt.
Felix H. Levy, for objecting creditors.
Hastings & Gleason, for trustee.

HOLT, District Judge. As I understand the referee's two reports, he finds, on the charge of omitting to make entries in his books, as facts, that the bankrupt, shortly before the bankruptcy, made seven payments to near relatives or friends, aggregating $5,515; that the bankrupt duly reported these payments to his bookkeeper for entry in his books; that the bookkeeper omitted to enter them; that the bankrupt never made entries in or examined his books; and that this is a case of mere negligence or carelessness on the part of the bankrupt, in his general system of bookkeeping, unaccompanied by any fraudulent intent. On these facts the referee reports in favor of refusing a discharge, on the authority of the cases of In re Hanna, unreported, and In re Alvord (D. C.) 14 Am. Bankr. Rep. 264, 135 Fed. 236. He construes these cases as holding that, in the absence of an actual fraudulent intent, there may be such negligence and carelessness in a system of bookkeeping followed as to be equivalent to the intent

to conceal the financial condition mentioned in the statute. But I am not able to concur in such a construction of those cases. In the Hanna Case there was evidence tending to show that entries were omitted with intent to conceal. In the Alvord Case the bankrupt was a man of intelligence, doing a large business, who substantially omitted to keep any books at all. In both these cases the facts authorized the inference of an actual intent to conceal the financial condition, and I have no doubt that such actual intent must be established in all cases. In re Garrison, 17 Am. Bankr. Rep. 832, 149 Fed. 178, 79 C. C. A. 126.

But I am not satisfied with the referee's conclusions as to the facts in this case. He heard and saw the witnesses, and that fact is entitled to great weight. But the evidence, particularly of the bankrupt and the bookkeeper, is very unsatisfactory, when read. Both of them, particularly the bookkeeper, should have been cross-examined closely on the question of the omission to make the entries. Here are seven large payments made to relatives and friends, mostly by cash. How and when and under what circumstances did the bankrupt notify the bookkeeper of such payments? What explanation has the bookkeeper to make for not entering them, if he had notice of them? I think these points should be explained, and, if not explained, that the claim of mere negligence in bookkeeping should be rejected.

The referee, at the end of his report, says that, in view of his decision on the charge contained in the first specification, he does not make any finding on the merits on the charge of the concealment of assets, contained in the second and third specifications. I think the case should be sent back to the referee to take any additional evidence that may be offered, and to report again upon the first specification, and on the merits upon the second and third specifications. I think it proper to add that it is preferable in all cases that the referee should pass on all the grounds of objection to discharge, so as to prevent the necessity of sending the case back, if the referee's conclusions on particular charges are not concurred in by the court.