### SHEINBERG et al. v. HOFFMAN.

(Circuit Court of Appeals, Third Circuit. October 26, 1916.)

#### No. 2162.

1. BANKRUPTCY ⬤▷414(1)—DISCHARGE—RIGHT TO—FAILURE TO KEEP BOOKS.

Where a bankrupt's discharge is opposed under Bankruptcy Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (Comp. St. 1913, § 9598), on the ground of his failure to keep books and his destruction of memoranda, a creditor has the burden, not only of showing the bankrupt's failure, or his destruction of memoranda, but of showing that the bankrupt intended thereby to conceal his financial condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 720; Dec. Dig. ⬤▷414(1).]

2. BANKRUPTCY ⬤▷467—DISCHARGE—REVIEW.

Findings of fact by a master approved by the court are presumptively correct, and will be upheld on appeal, if supported by substantial evidence, unless a clear mistake is shown.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⬤▷467.]

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

In the matter of the bankruptcy of Abraham Hoffman. Benjamin Sheinberg and Jacob Weisberg, trading as Sheinberg & Weisberg, creditors, objected to the bankrupt's petition for a discharge, and from an order of discharge they appeal. Affirmed.

Lowrie C. Barton and Harry M. Stein, both of Pittsburgh, Pa., for appellants.

W. C. Pentz and John J. Pentz, both of Du Bois, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

⬤▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOOLLEY, Circuit Judge. The bankrupt petitioned for a discharge. The appellant creditors, having demanded of the bankrupt the payment of their claim in full and being refused, opposed the discharge upon specifications under section 14b (2) (4) of the Bankruptcy Act (30 Stat. at Large, 544), as follows:

That the bankrupt, with intent to conceal his financial condition, (1) failed to keep certain books of account, and (2) destroyed certain records, from which such condition might be ascertained; and (3) concealed a part of his property with intent to hinder, delay and defraud his creditors.

The master found (1) that the bankrupt failed to keep certain books but not with intent to conceal his financial condition, and that from the records kept, his financial condition could be ascertained; and (2) that the bankrupt destroyed certain loose slips on which he had entered memoranda of personal and business expenses, which after bankruptcy he classified and copied into a book; that the book was produced with full explanation of the entries, and that the slips were not destroyed with intent to conceal his financial condition. And finally the master found, (3) in the entire absence of evidence upon the subject, that the bankrupt had concealed no part of his property with intent to hinder, delay and defraud his creditors; and, therefore, recommended his discharge.

The District Court affirmed the report of the master and ordered the discharge of the bankrupt. This is an appeal from that order.

[1] In determining whether the bankrupt had offended against the provisions of the Bankruptcy Act in failing to keep certain books and in destroying certain slips, the master found that the objecting creditors had failed to prove the essential element of the offense that the acts done and omitted by the bankrupt were with intent to conceal his financial condition, and accordingly recommended the discharge of the bankrupt under authority of the cases which hold that:

"Where a creditor seeks to prevent a discharge, on such ground (failing to keep books), the burden is on him, not only to show that the bankrupt failed to keep books of accounts, but that his omission was with intent to conceal his financial condition." In re Garrison, 149 Fed. 178, 79 C. C. A. 126; In re Marcus (D. C.) 192 Fed. 743; In re Miller, 212 Fed. 920, 129 C. C. A. 440; In re Brockman (D. C) 168 Fed. 1015; In re Burstein (D. C.) 160 Fed. 765; In re Haskell (D. C.) 164 Fed. 301.

The District Court cannot be charged with error of law in affirming the finding of the master based upon this rule.

[2] The findings of fact by the master and affirmed by the court are presumptively correct and will be upheld on appeal, if supported by substantial evidence, or unless a clear mistake is shown. Epstein v. Steinfeld, 210 Fed. 236, 127 C. C. A. 54; Coder v. Arts, 152 Fed. 943, 946, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372; Ohio Valley Bank v. Mack, 163 Fed. 155, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184; Wilson v. Continental B. & L. Asso., 232 Fed. 824, —— C. C. A. ——. We discern no mistake in the findings of fact. As they are substantially supported by the evidence, we are not inclined to disturb them.

The decree below is affirmed.