## WALD v. LONGACRE.

Circuit Court of Appeals, Third Circuit.
July 16, 1929.

No. 3903.

Lester Bowman, of Philadelphia, Pa., for appellant.

Sigmund H. Steinberg, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge. This is an appeal from an order denying a discharge to the bankrupt, William E. Wald.

Several specifications of objection to discharge were filed, but the special master to whom they were referred did not sustain any of them, except the second. No appeal was taken from his failure to sustain the other specifications.

We are concerned, therefore, as was the court below, with the second specification only. This specification objected to the discharge:

"For the reason that for the purpose of concealing his assets, he has knowingly and fraudulently made false oaths in his first and second examination before the Referee, David Werner Amram, Esq., by testifying that he borrowed Seventy-five hundred ($7,500.-00) dollars from relatives at the time he went into business in May, 1922, of which sum he testified that he invested Forty-five hundred ($4,500.00) dollars in merchandise and fixtures and deposited the balance of Three thousand ($3,000.00) dollars in the Metropolitan Trust Company, 18th and Market Streets, Philadelphia. In fact, he actually purchased at that time fixtures for only Two hundred and seventy-seven ($277.00) dollars and merchandise for cash for Five hundred ($500.00) dollars, and paid Two hundred and fifty ($250.00) dollars for rent, making a total of Ten hundred and twenty-seven ($1,027.00) dollars expended instead of Forty-five hundred ($4,500.00) dollars. In fact he actually deposited in the Metropolitan Trust Company at that time, to wit, May, 1922, Two thousand ($2,000.00) dollars. He further testified that he never paid back to the said relatives any more than Seventeen hundred ($1,700.00) dollars. In fact, he never borrowed more than Fifteen hundred ($1,500.00) dollars from relatives at the time he started in business, almost all of which has been paid back to the said relatives.

The discharge of a bankrupt is regulated by the Bankruptcy Act (11 USCA). He is, as a matter of law, entitled to his discharge, unless he has committed some act set forth in section 14b, 11 USCA § 32(b), preventing it. One of the acts preventing a discharge is the commission of "an offense punishable by imprisonment as herein provided." Section 14b(1), 11 USCA § 32(b)(1). One of the offenses for which a person may be punished for a period of not to exceed two years is the offense of having "made a false oath or account in, or in relation to any proceeding in bankruptcy." Section 29b (2), 11 USCA § 52(b)(2).

The testimony of the bankrupt before the referee was a proceeding in bankruptcy. Of it, the referee said:

"From the testimony I reach the conclusion without hesitation that the allegations of the second specification of objection have been sustained. The credibility of the bankrupt can readily be tested by the numerous evasions and obvious falsehoods throughout his testimony. His statement that he borrowed $7,500 from relatives at the time he went into business in May, 1922, and that he invested $4,500 thereof in merchandise and fixtures and deposited the balance of $3,000 in the Metropolitan Trust Company is completely discredited by his own testimony and that of the other witnesses. He made an attempt to explain away this false testimony but his explanations required further explanations on his part and ended in a complete breakdown. When he opened business he gave a statement to Dun's Agency showing that he had $7,500 assets and no liabilities, and it may very well be that his testimony that he borrowed $7,500 from his relatives at that time was offered by him in justification of this statement to Dun's with the naïve explanation that after the money was borrowed he considered it to be his, and that he did not consider the loans as liabilities. Neither the statement to Dun or Bradstreet nor the one given to Cohen-Goldman & Company shows any liabilities for money borrowed and although these statements were not offered as a basis for objections to his discharge they became proper evidence to test his credibility. An extended discussion of the testimony offered in support of the second specification of objection seems to me to be unnecessary."

The learned trial judge, in reviewing the special master's report, said:

"This bankrupt made statements under oath to the Referee which he as Special Master, after an exhaustive and most discriminating analysis of all the evidence, has found to be false. The fact finding made we would not under the well established rule feel at liberty to disturb even if we disagreed with the conclusion reached, which no one who has read this very able report could do."

"A careful reading of it leads to the con-

clusion that this bankrupt is of that exasperating type who because of moral obliquity does not seem to recognize any difference between truth and falsity and will say anything which the impulse of the moment prompts him to say because thought to be to his benefit to have said."

The findings of fact of a jury, special master, referee, or trial judge sitting in equity or without a jury will not be disturbed by an appellate court, unless a clear mistake has been made and there is no substantial testimony to support them. Epstein v. Steinfeld (C. C. A.) 210 F. 236; Schmid v. Rosenthal (C. C. A.) 230 F. 818; Sheinberg v. Hoffman (C. C. A.) 236 F. 343; Tennessee Finance Co. v. Thompson (C. C. A.) 278 F. 597; Davidson v. Wilson (C. C. A.) 286 F. 108. We have carefully read the testimony, and, in our opinion, it abundantly supports the conclusions of the special master and District Judge.

The decree refusing to discharge the bankrupt is affirmed.