# 216

In re KENT'S, Inc.

## In re UNITED STATES RUBBER PRODUCTS, Inc.; et al.

### No. 19604.

District Court, D. Maine, S. D.
Dec. 24, 1934.

Abraham Breitbard and Mayo S. Levenson, both of Portland, Me., for U. S. Rubber Products, Inc.

Francis W. Sullivan, of Portland, Me., for Commercial Credit Corporation.

Christopher S. Roberts, of Rockland, Me., for Harry E. Wilber.

PETERS, District Judge.

In the matter of the petition by the United States Rubber Products, Inc., it was brought out at the hearing, or appears from the report of the referee and from findings and evidence certified by him, that the bankrupt, on December 11, 1933, gave the petitioner a chattel mortgage recorded December 13, 1933, covering the major part of its assets, consisting of some second hand automobiles, a part at least subject to previous mortgages, and automobile tools, parts, accessories, equipment, etc., such as is usually owned by a small automobile company, the debt secured being a note for some $1,600, payable at the rate of $100 per month. Bankruptcy followed within four months. The note represented a previous indebtedness which had been in the form of notes, and they in turn represented an earlier indebtedness for merchandise. The question before the referee related to the validity of the mortgage of the petitioner; the referee holding against the validity. The petitioner in this petition for review advances various reasons for its claim that the referee was in error.

I am assuming that the real dispute before the referee, and here, is as to whether the chattel mortgage referred to was a voidable preference under section 60 of the act (11 USCA § 96). Counsel in argument and in briefs have confirmed me in that assumption, although lack of any affirmative action on the part of the trustee (so far as this record shows) might indicate that the mortgage had been regarded as void under section 67 (11 USCA § 107) covering fraudulent conveyances. There is a wide difference between conveyances under one section and the other, although they are sometimes confused. Preferences are set aside when made within four months in order to obtain an equal distribution of the estate, and in such cases it is only essential to show a transfer by an insolvent debtor to one who himself or by his agent knew, or had reasonable cause to know, that a preference would be effected. Remington (3d Ed.) § 1938.

It should also be emphasized that the referee's orders and findings are presumed to be correct, in the absence of manifest error. "The findings of fact of a jury, special master, referee, or trial judge sitting in equity or without a jury will not be disturbed by an appellate court, unless a clear mistake has been made and there is no substantial testimony to support them." Wald v. Longacre (C. C. A.) 34 F.(2d) 25, 27. See,

also, the innumerable cases cited in Remington, par. 3669.

With this viewpoint it is very clear that the findings and orders of the referee should not be disturbed. In fact, a review of the evidence forces me to the belief that he could not reasonably have come to any other conclusion than he did. The bankrupt was insolvent when this mortgage was given. It covered practically his entire small amount of personal property, including the tools and appurtenances used in his garage business. The mortgagee previously had notes taken for merchandise, and these notes had not been paid. A check had been given him for part payment, and that had been protested; but, more than that, the collection had been placed in the hands of an experienced and astute attorney who had a conference with the manager of the bankrupt and went over his financial and business affairs. I have too much respect for his acumen to believe that he did not discover the desperate financial condition of the bankrupt and have good reason to believe that the transfer would effect a preference. The creditor, through his attorney, may have simply taken a chance that four months would expire without other action being taken. All the elements of a preference were present, and the referee was clearly justified in finding that the mortgagee, the petitioner here, through its attorney, had the reasonable cause for belief referred to in the statute.

The attorney for the petitioner relies upon a financial statement and the amounts for which the property in question was carried on the books of the bankrupt, but a creditor cannot rest on those things alone, where, as here, through his agent and attorney, he knows other facts inconsistent therewith, and especially where he takes a chattel mortgage covering all the stock in trade, tools, and equipment of a small retail business. That fact alone is sufficient to put him upon inquiry. It is out of the usual course of business, and is evidence of the desperate situation by a mortgagor who does it as a last resort, after his credit is gone, necessarily knowing that it will be close to the end of his financial career. Many cases, some of them cited by counsel appearing for the trustee, amply bear out this statement. Numerous cases are cited in Remington under section 1919. See, also, Pollock v. Jones (C. C. A.) 124 F. 163.

In the matter of the claim of the Commercial Credit Corporation, I find the situation not essentially different. In that case also a chattel mortgage was given within the four months to secure a past debt. The debt had resulted from illegal sale by the mortgagor of automobiles previously mortgaged to secure other notes. That fact, known to the mortgagee, and other matters coming to his attention, including the receipt of a worthless check, put this claim in the same category as that of the United States Rubber Products, Inc.

The petition to revise the decision of the referee in both cases is denied.